IN THE
TENTH COURT OF APPEALS
 

No. 10-00-010-CR
No. 10-00-410-CR
No. 10-00-411-CR
No. 10-00-412-CR
No. 10-00-413-CR
No. 10-00-414-CR
No. 10-00-415-CR

     JASON LEE DICKINSON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court Nos. 30,285; 30,286;
30,287; 30,291; 30,332; 30,333; 30,334
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Jason Lee Dickinson was charged with seven offenses, three offenses of deadly conduct and
four offenses of aggravated assault. He pled guilty and received deferred adjudication for six of
the offenses and was sentenced to boot camp for one offense. No appeal was taken from those
decisions by the trial court. Later, Dickinson was placed on community supervision for the boot
camp offense. Four years after his initial plea, Dickinson pled true to violations of his community
supervision. He was adjudicated and sentenced in the six deferred offenses and revoked and
sentenced in the one boot camp/community supervision offense. He received a total of 60 years
in prison. Dickinson now appeals each of those seven sentences. We affirm.
Consecutive Sentences
      On appeal, Dickinson’s only issue is that the trial court improperly ordered his sentences to
run consecutively or “stacked.” He contends that the offenses arose out of the same criminal
episode and were prosecuted in a single criminal action. Thus, he contends section 3.03 of the
Texas Penal Code controls, and the sentences should run concurrently.
      Section 3.03(a) provides:
When the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, a sentence for each offense for
which he has been found guilty shall be pronounced. . . . [T]he sentences shall run
concurrently.

Tex. Pen. Code Ann. § 3.03(a) (Vernon Supp. 2001). 
      The crux of the dispute is whether the seven offenses were prosecuted in a single criminal
action. A defendant is prosecuted in a “single criminal action” when allegations and evidence of
more than one offense arising out of the same criminal episode are presented in a single trial or
plea proceeding. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); La Porte v.
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). When deciding what constitutes a single
criminal action, we look to the trial itself or to the proceeding where the defendant’s guilt is
adjudicated and sentence is pronounced. Rollins v. State, 994 S.W.2d 429, 433 (Tex.
App.—Beaumont 1999, no pet.).
      The State relies on McJunkins v. State to argue that Dickinson waived his right to concurrent
sentences because he pled guilty and was sentenced in accordance with a plea agreement. See
McJunkins v. State, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997). However, the record before us
does not indicate the parties ever agreed to a plea bargain. McJunkins does not apply.
      Dickinson argues that in 1995 when he was initially given deferred adjudication and boot
camp, all seven causes were called and heard together in an intertwined manner. However, the
trial court found guilt and pronounced sentence in only one cause. In that cause, Dickinson was
sentenced to ten years in prison and given boot camp. His guilt was not determined at that time
on any of the six other offenses. Thus, the prison sentence could not have been stacked with any
other sentence at that time. In 1999, when the State requested adjudication on six offenses and
revocation on the seventh, it is clear from the record that each cause was pled and heard
separately. While each cause was dealt with on the same date, the trial court heard one case at a
time. When necessary, the court recessed a case before proceeding with the next case. 
Conclusion
      We hold the seven causes were not prosecuted in a single criminal action, and section 3.03
does not apply. The sentences were correctly stacked. Dickinson’s issue is overruled, and the
trial court’s judgments are affirmed.
 
                                                             TOM GRAY
                                                             Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed 
Opinion delivered and filed July 18, 2001
Do not publish

ehicle.

False Imprisonment

The County argues that DeRouens false
imprisonment claim falls within the intentional-tort exception to the waiver of
sovereign immunity, which provides that the Tort Claims Act
does not apply to claims arising out of assault, battery, false imprisonment,
or any other intentional tort. Tex.
Civ. Prac. & Rem. Code Ann. 101.057(2) (Vernon 2005); see State Dept of Pub. Safety v. Petta, 44 S.W.3d 575, 580-81 (Tex. 2001); see also
Delaney v. Univ. of Houston, 835 S.W.2d 56, 59 (Tex. 1992);
Watson v. Dallas Indep. Sch.
Dist., 135
S.W.3d 208, 220 (Tex. App.Waco 2004, no pet.). DeRouens false/unlawful
imprisonment claim falls squarely within this exception. See Tex.
Civ. Prac. & Rem. Code Ann. 101.057(2); see also Morris v. Copeland, 944 S.W.2d 696, 697, 698-99 (Tex.
App.Corpus Christi 1997, no writ) (sovereign immunity barred claims for
false imprisonment, false arrest, and others). The trial court properly granted the Countys plea to the
jurisdiction as to DeRouens false imprisonment claim. 

Use of Tangible Personal Property

DeRouen contends that she was handcuffed too tightly,
causing her to suffer injury and constituting misuse of tangible personal property.
To the extent that she alleges
intentional misuse of the handcuffs, such as through excessive use of force or
an assault, DeRouens suit is barred by section 101.057. See Tex.
Civ. Prac. & Rem. Code Ann. 101.057(2). However, DeRouen further
alleges that the officers conduct was negligent. She alleges that she suffered
injury, not that the officer intended to injure her. See Durbin v. City of Winnsboro, 135 S.W.3d 317, 324-25 (Tex. App.Texarkana
2004, pet. denied). Intent to injure cannot necessarily be inferred from the
act of improperly handcuffing DeRouen. See id. at 325. By alleging that she suffered injury as a result of
the officers negligent use of the handcuffs, DeRouen pleaded a cause of action
for use of tangible personal property under the Tort Claims Act. See Tex. Civ. Prac. &
Rem. Code 101.021(2); see also
Harrison v. Texas Dept of Criminal Justice-Institutional Div., 915 S.W.2d
882, 889-90 (Tex. App.Houston [1st Dist.] 1995, no writ) (inmates allegation
that he suffered injuries when TDCJ
employeesnegligently restrained him utilizing security devices stated a claim
against the TDCJ under the Tort Claims Act).

Because the trial court possessed subject matter jurisdiction
over DeRouens claim regarding negligent use of tangible personal property, it erred
by granting the Countys plea to the jurisdiction as to this claim.

SUMMARY
JUDGMENT

 In its no-evidence motion for summary judgment, the County argued
that it could not be liable for a section 1983 claim because DeRouen failed to
present any evidence of harm caused by a policy or custom of the County.
DeRouen argues that her affidavit was sufficient to withstand summary judgment
and that the trial court erred by determining that she failed to present
evidence of a policy or custom.

Standard of Review

A no-evidence summary judgment is reviewed under
the same standard as a directed verdict. See Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 581 (Tex. 2006). We review the evidence presented by the
motion and response in the light most favorable to the party against whom the
summary judgment was rendered, crediting evidence favorable to that party if
reasonable jurors could, and disregarding contrary evidence unless
reasonable jurors could not. Id. at 582. A no-evidence summary
judgment will be defeated if the non-movant produces some evidence raising an
issue of material fact on the elements challenged by the movant. Id.

Analysis

 Section 1983 offers no
respondeat superior liability. Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir.
2002), cert. denied, 537 U.S. 1110, 123 S. Ct. 892,
154 L. Ed. 2d 782 (2003). Municipalities face 1983 liability when
execution of a governments policy or custom, whether made by its lawmakers or
by those whose edicts or acts may fairly be said to represent official policy,
inflicts the injury. Id. (quoting Monell v. Dept of Social Servs., 436 U.S. 658, 694, 98 S. Ct.
2018, 2037, 56 L. Ed. 2d 611 (1978)). Proof of municipal liability
sufficient to satisfy Monell requires: (1) an official policy (or
custom), of which (2) a policy maker can be charged with actual or constructive
knowledge, and (3) a constitutional violation whose moving force is that
policy (or custom). Id.

DeRouen
presented no evidence of a policy or custom, either in her affidavit or by any
other means. The record contains no documents or testimony establishing a
custom or policy regarding use of force, similar incidents of force, or a
routine use of force. See Hallmark v. City of Fredericksburg, 94 S.W.3d
703, 708 (Tex. App.San Antonio 2002, pet. denied). Because DeRouen failed to
present any evidence that her constitutional rights were violated as the result
of a custom or policy of the County, the trial court properly granted the
Countys no-evidence motion for summary judgment on DeRouens section 1983
claim. See Tex. R. Civ. P.
166a(i); see also Pineda, 291 F.3d at 328.

CONCLUSION

Because
the trial court erred by granting the Countys plea to the jurisdiction as to
DeRouens claim for negligent use of tangible personal property, we reverse the
judgment as to that claim and remand this cause to the trial court for further
proceedings consistent with this opinion. We affirm the judgment in all other
respects.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring and dissenting with a note)*

Affirmed in part;
reversed and remanded in part 

Opinion delivered and
filed July 23, 2008

[CV06]

 

* (Chief Justice Gray concurs in the judgment to the
extent that it affirms the trial courts judgment and dissents to the judgment
of this Court to the extent that it does not affirm the trial courts
judgment. A separate opinion will not issue.)

 

 

 

[1] The trial court also granted
Scamans motion to dismiss filed in his individual capacity. DeRouen does not
challenge this dismissal.