**Cruz POLANCO III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–94–368 CR, 09–94–369 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted July 13, 1995.

Decided Jan. 17, 1996.

Discretionary Review Refused
Feb. 28, 1996.

Bruce W. Cobb, Beaumont, for appellant.

Tom Maness, District Attorney, Rodney D. Conerly, Asst. District Attorney, Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Cruz Polanco III was fifteen years old at the time he was charged with retaliation and aggravated assault, therefore, the case began in juvenile court. The charges grew out of Polanco shooting a firearm into the home of the vice-principal of Polanco's high school. That court, after certifying Polanco as an adult, waived jurisdiction and transferred the case to the district court. Polanco was then indicted. He pleaded no contest without the benefit of a plea bargain and the court assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice in each case, the second sentence to run consecutive with the first. He brings three points of error, the first and third attacking both judgments and the second attacking the aggravated assault judgment.

The first point alleges a lack of jurisdiction due to fatally defective service in the juvenile transfer proceeding. Polanco argues the service is defective for several reasons. First, the summons was not in compliance with TEX.FAM.CODE ANN. § 54.02(b) (Vernon 1986):

(b) the petition and notice requirements of Sections 53.04, 53.05, 53.06 and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

The summons states, in pertinent part:

TO THE SHERIFF OR ANY CONSTABLE OF JEFFERSON COUNTY, TEXAS:

You are hereby commanded to summon CRUZ POLANCO III if to be found in your county, to be and appear in the Juvenile Court of Jefferson County, Texas to be held on the 2nd Floor Jefferson County Courthouse in Beaumont, Jefferson County, Texas on 8th day of February, 1994 at 10:30 a.m. then and there to hear the FIRST AMENDED PETITION FOR DISCRETIONARY TRANSFER TO A CRIMINAL COURT OR DISTRICT COURT FOR CRIMINAL PROCEEDINGS being Cause No. 6717–J filed herein

on the 31st day of January, 1994 in which CRUZ POLANCO III is the Respondent. The purpose of this hearing is to here [sic] the Petition of the State of Texas.

TO THE OFFICER SERVING THIS CITATION:

A true copy of this summons, together with certified copy of the Original Petition. You will deliver to the said CRUZ POLANCO III. . . .

The return shows that ". . . a true copy of this Citation" was delivered to Polanco by a Jefferson County Deputy Constable.

Polanco asserts the summons fails to state that the purpose of the hearing is for the purpose of considering discretionary transfer in that it only states the purpose is "to here (sic) the petition of the State".

■■■ Compliance with TEX.FAM.CODE ANN. § 54.02(b) is mandatory and a prerequisite to the jurisdiction of the juvenile court. *In re W.L.C.*, 562 S.W.2d 454, 455 (Tex.1978); *Deleon v. State*, 728 S.W.2d 935, 938 (Tex. App—Amarillo 1987, no pet). A summons which fails to state that the purpose of the hearing is for the purpose of considering discretionary transfer is fundamentally defective and deprives the juvenile court of jurisdiction, *Grayless v. State*, 567 S.W.2d 216, 219 (Tex.Crim.App.1978), and any transfer order without valid service is a nullity. *Watson v. State*, 587 S.W.2d 161, 162 (Tex. Crim.App.1979).

■■ The summons notified Polanco to "appear . . . and to hear . . ." the First Amended Petition for Discretionary Transfer to a Criminal or District Court. It further stated the purpose of the hearing was "to here (sic) the Petition of the State of Texas". The summons, taken as a whole, adequately gives notice as to the purpose of the hearing and complies with section 54.02(b).

■■ Polanco next argues the service is defective because section 53.06(b) requires that a copy of the petition must accompany the summons and there is nothing to indicate the petition was served upon him.[1] *In re Edwards*, 644 S.W.2d 815 (Tex.App.—Corpus

---

1. Unfortunately, the state makes no reply to this argument.

Christi 1982, writ ref'd n.r.e.) is factually similar to this case. Edwards challenged whether the summons was proper under Tex. Fam.Code.Ann. § 53.06(b) in that the summons stated: "A copy of the pleadings heretofore filed ... accompanies this summons" rather than "a copy of the petition." *Id.* at 819. The court stated "[t]he statute does not require that the summons state that 'a copy of the petition' accompanies the summons. All that is required is that 'a copy of the petition must accompany the summons'." *Id.* The court found nothing in the record indicated Edwards did not receive a copy of the "pleadings heretofore filed" and held "there was substantial compliance with § 53.06(b) of the Code." *Id.* at 820.

In *Sauve v. State*, 638 S.W.2d 608, 610 (Tex.App.—Dallas 1982, pet. ref'd), the court held the burden to show invalidity of service was upon the defendant. Sauve argued the State failed to properly serve him pursuant to Tex.Fam.Code Ann. § 53.07(c) (Vernon 1986) providing that service be made "under the direction of the court." The court declared:

> Ordinarily, an officer's return which is valid on its face carries a presumption of the truth of the facts stated on the return and of regularity. A defendant may rebut this presumption, but his testimony alone is insufficient; instead, he must offer other corroborating facts and circumstances to rebut the presumption.

*Id.* at 610.

In the present case, Polanco argues "there is nothing to indicate the petition was served upon him." Since case law defines citation as both the summons plus a copy of the petition, and since the return states the "citation" was delivered, a presumption of regularity arose which Polanco failed to rebut.

■ As a final argument on this point, Polanco argues the summons is not in compliance with Tex.Fam.Code Ann. § 54.02(k) (Vernon 1986), which requires the summons must state "... that the hearing is for the purpose of considering waiver of jurisdiction under Subsection (j) of this section...." As noted above, the summons notified Polanco to "appear ... and to hear ..." the First Amended Petition for Discretionary Transfer to a Criminal or District Court. We see no substantial difference between the phrases "discretionary transfer" and "waiver of jurisdiction" in the context of section 54.02. The summons complied with section 54.02(k) of the Texas Family Code. Having considered all of Polanco's arguments under this point of error, it is overruled.

■ The second point of error complains the trial court erred in cumulating or "stacking" sentences arising out of the same criminal episode. Polanco argues Tex.Penal Code Ann. § 3.03 (Vernon 1994 & Supp.1996) applies. This section requires sentences to run concurrently when an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action.

It is clear the two offenses grew out of the same criminal episode. The only question is whether they were prosecuted in a single criminal action. In *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App.1992) the court held that a defendant is prosecuted in a "single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *Ex Parte Pharr*, 897 S.W.2d 795 (Tex.Crim. App.1995), citing *LaPorte* clarified the situation somewhat. In a post-conviction application for writ of habeas corpus, Pharr claimed he had been tried in a single criminal action, therefore his two convictions should not have been cumulated. The court said the statement of facts showed Pharr pleaded guilty, was admonished, was found guilty and was sentenced in the first case. Immediately thereafter, the same litany occurred in the second case. The court held the record supported the trial court's finding that Pharr was not tried in a single criminal action and denied the relief.

Unfortunately, this proceeding is not as pristine as *Pharr*. While there were two separate indictments, both cases were presented to, and considered by, the court in an intertwined manner. Polanco signed separate judicial confessions. The cases were called together, but Polanco entered separate pleas. However, the balance of the proceed-

ing was jointly: advising of the range of punishment; inquiries about competency, voluntariness of the plea, citizenship, understanding the contents of the indictments, the contents of the indictments being true and correct, no withdrawal of pleas, insistence of continuing to plea; the introduction and admission of evidence; acceptance of the plea; ordering of pre-sentence investigations and acceptance of the judicial confessions. After the PSI was filed, a hearing on punishment was held. The court called the retaliation case, indicated the court had previously accepted Polanco's plea, and asked for comments by the defense on the PSI. Polanco's counsel argued Polanco should not be imprisoned but was a good candidate for "boot camp" or electronic monitoring. The state argued Polanco should receive the maximum. The court then sentenced Polanco in that case. The court then referenced the aggravated assault case, noted the court had previously accepted Polanco's plea and requested comments from the attorneys. Polanco's counsel referenced the previous comments and the State requested a consecutive sentence be assessed. The court then sentenced Polanco in the aggravated assault case and ordered the sentence run consecutive to the retaliation sentence.

The court, in *Pharr*, does not give us a "dictionary" definition of a "single criminal action", they simply hold that guilty pleas which follow one another are not a single criminal action. To that extent, the punishment hearing comports with the record in *Pharr*. However, the plea proceedings, as previously noted, do *not* follow one another, but are so intertwined that we are left only to conclude they are a single criminal action.[2] Therefore, the court may not order consecutive sentences and the cumulation order in the aggravated assault case, being improper, is void. *LaPorte*, 840 S.W.2d at 415. This point of error is sustained. Accordingly, the judgment in Cause No. 66333 from the 252nd

District Court in Jefferson County is reformed to delete the cumulation order.

 Point of error three asserts the court failed to make a finding of the use of a deadly weapon. The judgment contains a pre-printed item: FINDING USE OF DEADLY WEAPON. Next to this the words: "Affirmative Finding" are typed. Polanco argues this is either no finding or not a proper finding. While pre-printed, fill-in-the-blank judgments are not the preferred method, this is a separate and specific finding which complies with TEX.CODE CRIM.PROC. ANN. art. 42.01(1)(21) (Vernon 1979). *See Hooks v. State*, 860 S.W.2d 110 (Tex.Crim. App.1993). This point of error is overruled.

REVERSED AND REFORMED IN PART; AFFIRMED AS REFORMED.

WALKER, Chief Justice, dissenting.

For the following reasons I feel I must respectfully dissent to the majority's disposition of point of error two. The majority is entirely correct in setting out *Ex parte Pharr*, 897 S.W.2d 795 (Tex.Crim.App.1995); and *LaPorte v. State*, 840 S.W.2d 412 (Tex. Crim.App.1992), as the seminal cases on the issue of the proper assessment of concurrent versus consecutive sentences. My departure from the majority's analysis of the instant case stems from their conclusion that a "single criminal action" took place at the plea proceeding. An examination of the statement of facts of the plea proceeding reveals that the trial court called the cases separately, that appellant entered separate "no contest" pleas to each individual charge, that appellant executed separate written waivers, stipulations of evidence, and judicial confessions, and that the trial court accepted the appellant's plea and accepted appellant's judicial confession in each case.

Although I do not ignore the fact that the trial court appeared to combine the art. 26.13[1] admonishments, it is clear that the

---

2. Although not a legal analysis, a practical approach for such a determination may be whether a separate statement of facts could be prepared for each proceeding, without reference to the other. This proceeding could not meet that standard.

1. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Supp.1996).

trial court intended separate proceedings from the following exchange:

THE COURT: You understand when we come back on October 31st I can find you guilty in each one of these cases, give you 10 years in the penitentiary, stack it on top of it and that's 20 years in the penitentiary. You understand?

THE DEFENDANT: Yes, sir.

THE COURT: You still want to plead no contest?

THE DEFENDANT: Yes, sir.

I also recognize that the trial court combined the range of punishment admonishment given to appellant. This is certainly explained by the fact that both charges against appellant were third degree felonies with identical punishment ranges.

While the majority's view of the record and my view of the record may differ only in the slightest degree, I am simply unable to say that what took place at the plea proceeding was a "single criminal action" so as to entirely preclude the trial court from exercising its discretion in cumulating appellant's sentences. For these reasons, I must dissent.