**Paul Franklin ROLLINS, Appellant,**

v.

**THE STATE of Texas, Appellee.**

**Nos. 09–97–366 CR, 09–97–367–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted April 1, 1999.

Decided July 14, 1999.

Christine Brown, Orange, for appellant.

John Kimbrough, County Atty., Gary R. Bonneaux, Asst. County Atty., Orange, for State.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

PER CURIAM.

Appellant Paul Franklin Rollins was convicted of two felony offenses of delivery of a controlled substance from which he now appeals.[1]

In 1993 appellant was separately indicted for two offenses of delivery of marihuana, one offense having occurred on December 11, 1992, the other on December 15 of that year. Each of the two indictments alleged the delivery was made to a different person, one by actual delivery and the other by constructive delivery. In September 1994, the trial court deferred adjudication of Rollins' guilt and placed him on five years deferred adjudication probation.[2] Later the State filed a motion to

adjudicate his guilt. In a single proceeding on August 30, 1996, the trial court found Rollins guilty in both offenses and imposed a sentence in each case of seven years' confinement in the Texas Department of Criminal Justice–Institutional Division. The trial court then suspended the imposition of the sentences and placed Rollins on probation. A year later, in August 1997, the trial court revoked Rollins' probation and imposed his sentence. Punishment was assessed at seven years for each offense, the sentences to run consecutively.

Appellant brings forward one point of error on appeal. He contends the trial court abused its discretion in erroneously ordering the sentences to run consecutively.

Both Rollins and the State take the position that the case is governed by chapter three of the Texas Penal Code, specifically sections 3.01 and 3.03 dealing with cumulation of sentences.[3] However, we find that chapter three is inapposite to the case at hand. Since delivery of marihuana is an offense under the Texas Health & Safety Code, the "multiple prosecutions" statute in Chapter 481, rather than the one contained in chapter three of the Texas Penal Code, is the governing statute. According to section 481.132(f), it provides the exclusive method for consolidation and joinder of prosecutions for offenses under chapter 481. The applicable statute, in pertinent part, is set out below:

§ 481.132. Multiple Prosecutions

(a) In this section, "criminal episode" means the commission of two or more offenses under this chapter under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transac-

---

1. Rollins has submitted one brief for both appeals. For purposes of judicial economy, we dispose of both appeals in a single opinion.

2. We have no record of the 1994 hearing.

3. See TEX. PEN.CODE ANN. §§ 3.01, 3.03 (Vernon 1994).

tions that are connected or constitute a common scheme, plan, or continuing course of conduct; or

  (2) the offenses are the repeated commission of the same or similar offenses.

. . . .

  (d) If the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently.

. . . .

  (f) This section provides the exclusive method for consolidation and joinder of prosecutions for offenses under this chapter. This section is not a limitation of Article 36.09 or 36.10, Code of Criminal Procedure.

TEX. HEALTH & SAFETY CODE ANN. § 481.132 (Vernon 1992). According to this section, Rollins' sentences are to run concurrently if (i) he is found guilty of more than one offense, (ii) the offenses arise out of the same criminal episode, and (iii) the offenses are prosecuted in a single criminal action.[4]

Initially, Rollins argues the two offenses were part of a common scheme and thus arose out of the same criminal episode. On appeal his attorney claims the fact that Rollins sold marihuana twice to undercover officers within four days establishes the "common scheme." However, there is nothing in the record to substantiate such a claim. The record contains two indictments—one alleging delivery to J.P. Johnson, the other to G.C. Atkins. With the exception of their names, neither the clerk's record nor the reporter's record contains any other information whatsoever about them; certainly, there is no evidence that they were undercover officers. Thus,

the record contains no evidence that the offenses were committed "pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct." The first definition is not satisfied.

■ We, therefore, look to the second definition of "criminal episode." According to section 481.132(a)(2), offenses are also a criminal episode if they "are the repeated commission of the same or similar offenses." By the plain language of the statute, the two offenses in question—delivery of marihuana—are the "same or similar offenses" and, thus, are part of the same criminal episode. *See Jurdi v. State,* 980 S.W.2d 904, 908 (Tex.App.—Fort Worth 1998, pet. ref'd); *Hernandez v. State,* 938 S.W.2d 503, 508–509 (Tex. App.—Waco 1997, pet. ref'd); *Howard v. State,* 888 S.W.2d 166, 171 (Tex.App.— Waco 1994, pet. ref'd) (Even though the two offenses—possession of cocaine—occurred more than a week apart, they were still part of the same criminal episode in that they were merely repetitious commissions of the same offenses.); *cf. Guidry v. State,* 909 S.W.2d 584 (Tex.App.—Corpus Christi 1995, pet. ref'd) (TEX. PEN.CODE ANN. § 3.01(2) [which is substantively identical to section 481.132(a)(2) ] does not impose a time differential between the commission of the same or similar offens⁻ ) Based on the language of the statute a⸱:⸱i supporting case law, we conclude the charged offenses were the same or similar offenses and, under section 481.132(a)(2), are part of the same criminal episode.

■ To be entitled to concurrent sentences under section 481.132(d), Rollins must also have been prosecuted in a "single criminal action." Rollins contends he met that requirement, because the motions to revoke probation were tried at the same time and there was no attempt to keep the two cases separate. We previously ad-

---

4. We note that subsections (a) and (d) of § 481.132 are virtually identical to §§ 3.01

and 3.03 of the Texas Penal Code.

dressed the issue of what constitutes a "single criminal action" in *Polanco v. State,* 914 S.W.2d 269, 271 (Tex.App.—Beaumont 1996, pet. ref'd):

> In *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App.1992) the court held that a defendant is prosecuted in a "single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *Ex Parte Pharr,* 897 S.W.2d 795 (Tex.Crim.App.1995), citing *LaPorte* clarified the situation somewhat. In a post-conviction application for writ of habeas corpus, Pharr claimed he had been tried in a single criminal action, therefore his two convictions should not have been cumulated. The court said the statement of facts showed Pharr pleaded guilty, was admonished, was found guilty and was sentenced in the first case. Immediately thereafter, the same litany occurred in the second case. The court held the record supported the trial court's finding that Pharr was not tried in a single criminal action and denied the relief.

In *Polanco,* we commented that the plea proceeding was not "as pristine" as that in *Pharr,* since portions of Polanco's plea proceeding were joint, or part of a single criminal action. The joint treatment of the plea proceeding was in contrast to the punishment proceeding in which the trial court disposed of each case separately. *Id.* at 272.

In the instant case, we have no reporter's record of the initial 1994 plea proceedings during which the trial court deferred adjudication of guilt and placed Rollins on deferred community supervision. However, we do have a record of the August 1996 hearing at which the trial court adjudicated Rollins' guilt and pronounced sentence. The trial judge referenced both cause numbers and then proceeded, for the most part, to dispose of the cases jointly.

> THE COURT: And these violations occurred during the time that you were on deferred adjudication. The Court will now proceed with an adjudication of guilt on the original charges in each case. You have no objection to the Court doing both of these at the same time, do you, Counsel?
>
> [DEFENSE COUNSEL]: No objection.
>
> THE COURT: Having heard your pleas [in a previous hearing] and the evidence introduced, the Court finds you guilty as charged of the offense of delivery of marijuana, a felony, in Cause No.A–930,753 and the Court finds you guilty as charged in the offense of delivery of marijuana, a felony, in Cause No. A–930,756 and assesses your punishment in each case as seven years' confinement in the Texas Department of Criminal Justice Institutional Division. . . .
>
> . . . .
>
> THE COURT: [T]his Court is going to suspend the imposition of those sentences in the penitentiary and place you on adult probation in each case for seven years . . .

A discussion then ensued in which the trial judge questioned Rollins concerning Rollins' understanding of the terms of probation. The questioning pertained to both cases jointly. Our review of the record reveals the trial court treated the two cases in the 1996 adjudication proceeding as a "single criminal action."

In contrast to the 1996 proceeding, however, is the trial judge's separate, rather than joint, treatment of the offenses at the 1997 hearing on the State's motions to revoke probation. Each case was called separately, the findings were made separately, probation was revoked separately, and the trial judge separately ordered the original judgments to be carried out.

As in *Polanco,* we are again faced with the issue of what constitutes· a "single criminal action." Are we to look at the adjudication hearing, to the revocation hearing, or both? Following our reasoning

in *Polanco,* we conclude we look to the trial itself or, in this case, to the proceeding at which Rollins' guilt was adjudicated and sentence was pronounced. Since the trial court treated the charged offenses at the adjudication of guilt proceeding as a single criminal action, we find the other requirement of section 481.132(d) was satisfied. We conclude that the adjudication of guilt and pronouncement of sentence in the two cases "are so intertwined that we are left only to conclude they are a single criminal action." See *Polanco,* 914 S.W.2d at 272.

Having found that the offenses were prosecuted in a single criminal action and that they arose out of the same criminal episode, we conclude the trial court erred in ordering the sentences to run consecutively; the cumulation order in trial cause number A–930,756–R is improper. Rollins' point of error is sustained. Accordingly, we reform the judgment in cause number A–930,756–R from the 128 th District Court in Orange County, Texas, to delete the cumulation order, and we order that Rollins' two seven year sentences are to run concurrently.

AFFIRMED AS REFORMED.