NO. 07-03-0053-CR


NO. 07-03-0054-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 23, 2003



______________________________




JEREMY SHANE HOSKINS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;



NOS. 83208 & 83209; HONORABLE LARRY GIST, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to pleas of guilty following the denial of his motion to suppress evidence,
appellant Jeremy Shane Hoskins was convicted in cause number 83208 of possession of
a controlled substance, and in cause number 83209 of possession of a controlled
substance. Without an agreed recommendation, punishment was assessed at 15 years
confinement. Presenting a sole point of error, appellant asserts the trial court abused its
discretion in denying his motion to suppress evidence. Based upon the rationale
expressed herein, we affirm.

 On September 20, 2002, appellant was stopped for speeding by Mike Mills, a
Beaumont Police Officer working in drug interdiction. When asked for identification,
appellant produced a Louisiana document apparently given instead of a citation and
issued in the name of Luther Wood. While appellant was explaining to Officer Mills that
he was coming from Houston where he had visited friends, Mills's partner noticed what
appeared to be a driver's license in the center console of appellant's vehicle. According
to Mills, at that time appellant became nervous and his lips began to quiver. Mills then
asked appellant for consent to search the vehicle which he gave. A search of the
passenger compartment revealed a driver's license bearing appellant's name and photo. 
Mills proceeded to search under the hood of the vehicle where he discovered duct-taped
bundles inside the front fenders containing large quantities of Valium, Xanax, and Nubain,
all controlled substances. Appellant was arrested and handcuffed. 

 A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). We apply a bifurcated standard
of review giving almost total deference to the court's determination of historical facts and
reviewing de novo its application of the law of search and seizure to those facts. State v.
Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000). The evidence should be viewed in the light
most favorable to the court's ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App.
1999). In a suppression hearing the trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Id. at 855. 

 Appellant's sole point contention is abuse of discretion by the trial court in denying
his motion to suppress because (1) there were no articulable facts supporting his detention
after the initial purpose of the stop was complete, and (2) the State failed to prove his
consent to search was voluntary. We disagree. Officer Mills testified that when appellant
was asked about the driver's license in the console of the vehicle, he became nervous,
had quivering lips, and avoided eye contact with him. Nervous, evasive behavior is a
factor to consider in determining reasonable suspicion for a Terry stop. (1) Balentine v.
State, 71 S.W.3d 763, 769 (Tex.Cr.App. 2002) citing Illinois v. Wardlow, 528 U.S. 119,
124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Given the totality of the circumstances,
appellant's behavior and the fact that he was in possession of a Louisiana document
bearing another individual's name constituted articulable facts upon which Mills could have
concluded that appellant was engaged in criminal activity. 

 Officer Mills testified that when he asked appellant for consent to search the
vehicle, appellant replied he had "no problem." Appellant testified that when he gave
consent to search, he assumed only the inside of the vehicle would be subject to search. 
He added that only after the contraband was discovered did he ask the officers to
discontinue the search. 

 Voluntariness to search is a question of fact to be determined from all the
circumstances. Ohio v. Robinette, 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347
(1996); Carmouche v. State, 10 S.W.3d 323, 331 (Tex.Cr.App. 2000). When the State
relies on consent to search, the burden is on the prosecution to prove by clear and
convincing evidence that the consent was freely and voluntarily given. Reasor v. State,
12 S.W.3d 813, 818 (Tex.Cr.App. 2000). Further, when the scope of the search is
disputed, it is measured by objective reasonableness, i.e., what the typical reasonable
person would have understood by the exchange between the officer and the suspect. 
Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); Simpson
v. State, 29 S.W.3d 324, 329 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Although
both Mills and appellant testified that appellant was not informed he did not have to
consent to the search, such warning is not required nor essential. Meeks v. State, 692
S.W.2d 504, 510 (Tex.Cr.App. 1985). Further, an officer's failure to give such a warning
is only probative on the issue of voluntariness, not determinative. Id. 

 Unless an officer's request or a suspect's consent limits a search to a particular
area of a vehicle, the search reasonably includes all areas of the vehicle and excludes
none. Simpson, 29 S.W.3d at 330. In the instant case, neither Mills's request nor
appellant's consent limited the scope of the search. Appellant mistakenly assumed only
the inside of the vehicle would be searched. Based on the evidence presented at the
hearing, we conclude the State established appellant's consent to the search by clear and
convincing evidence. A search following a legitimate traffic stop carried out with a
suspect's consent is reasonable under the Fourth Amendment. Armendariz v. State, No.
0070-02, 2003 Tex.Cr.App. LEXIS 924, at * 7 (Tex.Cr.App. Dec. 10, 2003). Thus, the trial
court did not abuse its discretion in denying the motion to suppress. Appellant's sole point
of error is overruled.

 Accordingly, the judgments of the trial court are affirmed.

 

 Don H. Reavis

 Justice

 

Do not publish.
1. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).



family: Arial">

Single Criminal Action

 Although agreeing with appellant that the trial court erred in cumulating his
sentences, the State points out the record before us does not include a reporter's record
from the 1996 plea hearings. Based on the record, we are thus unable to conclude that
appellant plead guilty to the allegations in both indictments in one action. Thus, we must
inquire further into the applicability of § 3.03.

 Before us is the reporter's record of the March 2006 hearing of the State's 2006
motions to proceed. At this hearing, the court called the cases together, adjudicated
appellant guilty of both offenses, and assessed punishment, in one proceeding. Prior to
commencement of the evidence supporting revocation, the court reviewed separately the
allegations of the motions, which were virtually identical, but gave common admonishments
of voluntariness of pleas, competency, and citizenship. The presentation of testimonial
evidence that followed was inseparable between the two cases. The one piece of
documentary evidence received, a fictitious driver's license obtained by appellant, bears
equally on both cases.

 The Penal Code does not define the term "single criminal action," but the court of
criminal appeals has held "a defendant is prosecuted in 'a single criminal action' whenever
allegations and evidence of more than one offense arising out of the same criminal episode
. . . are presented in a single trial or plea proceeding, whether pursuant to one charging
instrument or several, and the provisions of Section 3.03 then apply." LaPorte v. State,
840 S.W.2d 412, 415 (Tex.Crim.App. 1992). 

 In Robbins v. State, 914 S.W.2d 582 (Tex.Crim.App. 1996) the defendant plead
guilty separately to two indictments arising from the same criminal episode, but the trial
court conducted one consolidated punishment hearing. Id. at 583. The court of criminal
appeals held that the plea proceedings were not completed until punishment was
assessed. Id. at 584. Because the offenses were consolidated for the punishment
hearing, it found § 3.03 applied and the trial court erred by cumulating sentences. Id.

 Here, adjudication of guilt and punishment occurred in a single unified hearing with
no distinction of evidence. The intertwining of facts rendered it a single criminal action. 
See, Polanco v. State, 914 S.W.2d 269, 272 n.2 (Tex.App.-Beaumont 1996, pet. ref'd)
(court pondered a pragmatic approach that inquires whether a separate statement of facts
could be prepared for each proceeding, without reference to the other; a test the cases at
bar could not survive because of their factual interdependence). 

 Despite the absence of a record showing that appellant's two indictments were
presented in a single plea proceeding in 1996, he was adjudicated and punishment set in
a single unified proceeding; therefore, we concur that Penal Code sections 3.01 and 3.03
required that appellant's sentences run concurrently, and the trial court abused its
discretion by sentencing appellant consecutively. Appellant's first issue is sustained.


Cruel and Unusual Punishment

 In his second issue appellant seeks reversal and remand for the claim that the trial
court's cumulation of sentences constitutes cruel and unusual punishment forbidden by
U.S. Const. Amend. VIII, Tex. Const. art. I § 13, and Tex. Code Crim. Proc. Ann. art. 1.09
(Vernon 2005). We do not address the parties' arguments here as our disposition of
appellant's first issue makes consideration of his second issue unnecessary. 

Conclusion 

 While the State and appellant agree that the court erred in rendering consecutive
sentences, they do not agree on the proper disposition by this Court. Appellant seeks
reversal and remand, while the State asks us to reform the judgment in Cause No. 36,933-B deleting therefrom all references that the sentence runs cumulative to, consecutive to,
or in any way after completion of appellant's sentence in Cause No. 36,932-B.

 When a trial court erroneously cumulates sentences, the appropriate remedy is to
reform the judgment and delete the cumulation order. Robbins, 914 S.W.2d at 584.

 Accordingly, we reform the judgment of the trial court in Cause No. 36,933-B and
delete all reference suggesting that the sentence in that cause is to run cumulative to,
consecutive to, or in any way after completion of the sentence in Cause No. 36,932-B. The
judgment is affirmed as reformed, and the judgment in Cause No. 36,932-B is affirmed.

 Also pending before the Court is appellant's motion requesting that we discharge
his appellate attorney. The motion is overruled.


 James T. Campbell 

 Justice 





Do not publish.





1. Citations to Tex. Pen. Code. Ann. shall hereinafter be by section number only.
2. The applicable portion of § 3.03 in place in August 1996 bears no substantive
difference to the current version of the section.