In The



 Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-261 CR


NO. 09-06-262 CR


NO. 09-06-263 CR


NO. 09-06-264 CR


______________________


 

RICHARD ALLEN NICHOLS, Appellant



V.



STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 87676, 87677, 89944, 90152






MEMORANDUM OPINION



 Pursuant to plea bargains, Richard Allen Nichols pled "no contest" to four
offenses: two felony thefts and two forgeries. In each case, the trial court deferred
adjudication and placed him on community supervision. When the State filed
motions to revoke unadjudicated probation, Nichols pled true to community
supervision violations. In each case, the trial court adjudicated his guilt and
sentenced him to two years in a state jail facility. The trial judge ordered the
sentences in trial cause numbers 87676, 87677, and 89944 to run consecutively, and
the sentence in number 90152 to run concurrently with that in cause number 89944.
Nichols appeals.

 Nichols argues the cumulation orders render the sentences void, and the sentences
must run concurrently. The trial court has discretion to order sentences to run consecutively
or concurrently. Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2006). Section 3.03 of the
Penal Code limits the trial court's discretion: "When the accused is found guilty of more
than one offense arising out of the same criminal episode prosecuted in a single criminal
action, a sentence for each offense for which he has been found guilty shall be pronounced. 
Except as provided by Subsection (b) [not applicable here], the sentences shall run
concurrently." Tex. Pen. Code Ann. § 3.03 (Vernon Supp. 2006).

 The phrase "prosecuted in a single criminal action" is not defined in the Penal Code.
In LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), the Court of Criminal
Appeals held that "a defendant is prosecuted in a 'single criminal action' whenever
allegations and evidence of more than one offense arising out of the same criminal episode
. . . are presented in a single trial or plea proceeding, whether pursuant to one charging
instrument or several, and the provisions of Section 3.03 then apply." Here, the offenses
were not prosecuted in a single criminal action and section 3.03 does not apply. At the guilty
plea hearing, the hearing deferring adjudication of guilt, the revocation hearing, (1) and the
sentencing hearing following adjudication of guilt, the trial court called each case separately
and dealt with each one individually prior to calling the next case. The cases were not
consolidated, and the proceedings cannot be characterized as being "prosecuted in a single
criminal action" under section 3.03. See Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim.
App. 1995); see also Robbins v. State, 914 S.W.2d 582, 583-84 (Tex. Crim. App. 1996). 
Under article 42.08, the trial court had discretion to order concurrent or consecutive
sentences. See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2006). The trial court did
not err in ordering the sentences to run consecutively. We overrule issue one.

 Nichols contends his no contest pleas were involuntary because the trial court
breached the plea bargains. He argues he is entitled to withdrawal of his no contest plea. 
The written plea bargain providing for deferred adjudication and community supervision was
silent regarding the issue of concurrent or consecutive sentences. At the conclusion of the
plea hearing, the following exchange occurred between trial counsel and the trial judge:

 [Trial Counsel]: Judge, it's my understanding, before we leave this, that these
four cases will run concurrent?

 [Trial Judge]: Yes, sir. Have a good day. 


Nichols argues there is a contradiction between the trial judge's statement at the conclusion
of the plea hearing and his pronouncement of sentences following the adjudication of guilt:
in the former he indicated "concurrent" and in the latter "consecutive." Nichols relies on
Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), which
states as follows: "[W]hen a plea rests in any significant degree on a promise or agreement
of the prosecutor, so that it can be said to be part of the inducement or consideration, such
promise must be fulfilled." A defendant has a right to have the State honor a plea bargain
after the judge has accepted the plea bargain in open court. Bitterman v. State, 180 S.W.3d
139, 141 (Tex. Crim. App. 2005). 

 The trial judge's statement is not a "promise" to sentence appellant concurrently upon
revocation as a part of a plea bargain or otherwise. Nothing in the record indicates that
Nichols pled no contest under a false premise, that the State did not live up to its part of the
plea bargain, that the plea bargains for deferred adjudication in the four cases were not
followed, or that the deferred adjudication community supervision orders did not run
concurrently. 

 After Nichols violated his community supervision order, the trial court had no further
duty to comply with the original plea bargain, since the agreement was satisfied by the trial
judge's deferring adjudication and placing Nichols on community supervision. See Ex parte
Huskins, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005). Once the trial court proceeds to
adjudication, the trial judge is restricted in the sentence he imposes only by the relevant
statutory limits. Id. (citing Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App.
1999)). Issues two and three are overruled. 

 In a supplemental brief, Nichols asserts the cumulation order is void, because a
cumulation order may not be entered once the defendant has begun to serve his sentence. He
appears to argue that the sentence in each cause number began when, at the hearing deferring
the adjudication of guilt, the trial court in cause number 87676 ordered him to spend 180
days in the state jail. (2) Article 42.12, section 15(d) permits a trial judge to require as a
condition of community supervision that the defendant submit to a period of confinement,
not to exceed 180 days, in a state jail felony facility at the beginning of the community
supervision period. See Tex. Code Crim. Proc. Ann. art. 42.12, § 15(d) (Vernon 2006). 
Sections 5(a) and 15(d) of the Code of Criminal Procedure authorize such "upfront time." 
See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5(a), 15(d) (Vernon 2006). The 180-day
order in cause number 87676 occurred prior to adjudication of guilt; it was part of deferred
adjudication community supervision and not part of the sentence. See Donovan v. State, 68
S.W.3d 633, 636 (Tex. Crim. App. 2002) (Order deferring adjudication is not a conviction
or a sentence.). Nichols' sentence did not begin when the trial court ordered the 180-day
upfront time in cause number 87676. 

 Nichols also argues he should be given credit on his sentence for the 180-day
"upfront" period. He relies on section 15(h)(3) of article 42.12, which provides that a judge
"shall credit against any time a defendant is subsequently required to serve in a state jail
felony facility after revocation of community supervision any time served by the defendant
in a state jail felony facility after sentencing." Tex. Code Crim. Proc. Ann. Art. 42.12, §
15(h)(3) (Vernon 2006). The 180-day order in cause number 87676 occurred prior to
sentencing, and the time was not part of Nichols' sentence. There is no merit to Nichols'
complaints in his supplemental brief. 

 The judgments in trial cause numbers 87676, 87677, 89944, 90152 are affirmed.

 AFFIRMED.


 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on February 15, 2007

Opinion Delivered April 18, 2007

Do Not Publish 


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. At the motion-to-adjudicate-guilt hearing, the trial judge first called trial cause
number 87676 and asked if defendant waived the formal reading. Nichols waived it. The
court then described what had occurred in that cause number at two earlier hearings:
previously, the court had found the evidence sufficient to find Nichols guilty, deferred
adjudication of guilt, and placed him on community supervision for two years. Following
that recitation, the trial judge then stated the community supervision violation alleged to have
been violated by Nichols and asked Nichols if the allegation was true or not true. Nichols
responded "true." The trial judge then called the other three cases one-by-one and went
through the same procedure with each one: the trial judge stated the alleged violation, the
defendant pled "true," and the court then moved on to the next case. At the conclusion of
the adjudication hearing, the trial judge stated, "I'll accept your pleas of true in all four cases,
reset you for sentencing on June 12th. I'm going to get an updated report. Anything you
want me to know good about you, make sure you get that to [your attorney.]. Have a good
day." The trial court did not "accept" the pleas of true individually and separately. However,
the record reveals that in all other respects, at this hearing and at the other three hearings, the
trial court called each case individually and treated each case separately. This is not the
intertwining treatment of cases described by this Court in Polanco v. State, 914 S.W.2d 269,
271-72 (Tex. App.--Beaumont 1996, pet. ref'd). We do not find this one variation at the
conclusion of the hearing on the motion to revoke sufficient to conclude defendant was tried
in a single criminal action. 
2. Apparently, Nichols was also ordered, as a result of an administrative proceeding, to
serve 180 days "upfront" time in cause number 87677. The record indicates he was given
credit for this time.