In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-260 CR


NO. 09-07-261 CR


____________________



DARRELL EUGENE GREEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 90240 and 90969






 OPINION


 This appeal (1) presents two questions: (1) whether Darrell Eugene Green's pleas were
voluntary, and (2) whether the trial court erred in stacking Green's sentences. We overrule
Green's first issue, but agree that the Penal Code prohibits the stacking of sentences where
similar offenses are prosecuted in the same criminal action. See Tex. Pen. Code Ann. § 3.03
(Vernon Supp. 2007). Because Green's offenses were similar, and prosecuted in the same
criminal action, we conclude that the trial court erred in stacking his sentences. As a result,
we reform the judgment to require that his sentences be served concurrently. 

 Pursuant to plea bargain agreements, Green pled guilty to possession of cocaine and
possession of codeine. In each case, the trial court deferred adjudication and placed Green
on community supervision. The State subsequently filed motions to revoke Green's
unadjudicated community supervisions. At the revocation hearing in each case, Green pled
true to violating two terms of his community supervision and the trial court found another
violation true after hearing evidence. Subsequently, but on the same date, the trial court
conducted Green's sentencing hearings and adjudicated his guilt. The trial court sentenced
Green to twenty years' confinement on his possession of cocaine charge (trial cause number
90240) and ten years' confinement on his possession of codeine charge (trial cause number
90969). The trial court ordered that Green's sentence in trial cause number 90969 run
consecutive to the sentence in trial cause number 90240. 

 On appeal, Green argues the trial court breached his plea agreements by ordering
consecutive sentences in trial cause number 90969 and trial cause number 90240. Green
contends that he understood that he would receive no more than a combined twenty-year
sentence in the event his sentences for community supervision were revoked. Because Green
received a longer combined sentence than he understood he would receive, Green argues that
his guilty pleas were involuntary. Green also asserts that the trial court did not have the
discretion to cumulate his sentences because his offenses arise from the same criminal
episode and were prosecuted in the same criminal action. 

 Arguing the trial court breached the plea agreements, Green asserts that he is entitled
to withdraw his guilty pleas. Therefore, we first examine Green's plea agreements. The
written plea agreements providing for deferred adjudication and community supervision are
silent regarding the issue of concurrent or consecutive sentences. At the conclusion of the
deferred adjudication hearing, the following exchange occurred between Green and the trial
court:

 The Court: While you're under our supervision, you must comply with all
of the conditions that are set.


 [Green]: Yes, sir.


 The Court: If you do that, your cases will be dismissed - completely wiped
off. But, if you don't, if you break a condition, you could get up
to 20 years in the penitentiary. That's what is at stake. Do you
understand that completely?


 [Green]: Yes, sir. 


 We disagree that this exchange constitutes a promise that the trial court would not
cumulate Green's sentences, and does not support Green's claim that he had an agreement
that limited his exposure to a concurrent sentence. The exchange, in our opinion, reflects the
trial court's attempt to advise Green about the serious consequences he would face if he
violated the terms under which the trial court had placed him on community supervision; but
the exchange is silent with respect to how the trial court might cumulate Green's sentences
in that event. 

 Green relies on Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d
427 (1971), which states, "[W]hen a plea rests in any significant degree on a promise or
agreement of the prosecutor, so that it can be said to be part of the inducement or
consideration, such promise must be fulfilled." A defendant has a right to have the State
honor a plea agreement after the trial court has accepted the plea agreement in open court. 
Bitterman v. State, 180 S.W.3d 139, 141 (Tex. Crim. App. 2005).

 We disagree that Santobello is analogous to the circumstances presented by the record
concerning Green's plea agreements. The trial court's statement is not a "promise" to
sentence Green concurrently upon revocation as part of the plea agreements or otherwise. 
Nothing in the record indicates that Green pled guilty under a false premise, that the State
failed to live up to the terms of the plea agreements, or that the trial court did not follow the
plea agreements by giving Green deferred adjudication. Because the record does not reflect
any promise that Green would receive concurrent sentences, the plea agreements do not
restrict the trial court's discretion to impose a sentence allowed by the Penal Code. See Ex
parte Huskins, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005); see also Ditto v. State, 988
S.W.2d 236, 238 (Tex. Crim. App. 1999). Green's first issue is overruled.

 In Green's second issue, he asserts that the trial court abused its discretion in
cumulating his sentences. The trial court's discretion to order sentences to run consecutively
or concurrently is generally defined by the Code of Criminal Procedure. Tex. Code Crim.
Proc. Ann. art. 42.08 (Vernon 2006). However, section 3.03 of the Penal Code limits the
trial court's discretion to order consecutive sentences, and provides: 

 When the accused is found guilty of more than one offense arising out of the
same criminal episode prosecuted in a single criminal action, a sentence for
each offense for which he has been found guilty shall be pronounced. Except
as provided by Subsection (b) [not applicable here], the sentences shall run
concurrently. 


Tex. Pen. Code Ann. § 3.03(a).

 The Penal Code defines a "criminal episode" as the commission of two or more
offenses if "the offenses are committed pursuant to the same transaction or pursuant to two
or more transactions that are connected or constitute a common scheme or plan" or if "the
offenses are the repeated commission of the same or similar offenses." Tex. Pen. Code
Ann. § 3.01 (Vernon 2003). Green does not contend that the offenses were from the same
transaction or from connected transactions constituting a common scheme or plan, but asserts
that the possession charges were the repeat offenses of similar crimes. Green contends that
because both of his offenses were for possession of controlled substances, they are repeated
commissions of a similar offense. Therefore, Green concludes that the two drug possession
offenses qualify as arising from the same "criminal episode." 

 On the other hand, the State argues that the offenses are not the same because they
concern different controlled substances, in this case cocaine and codeine. However, the
statute defines "criminal episode" broadly, since it encompasses not only the same offenses,
but similar offenses as well. Tex. Pen. Code Ann. § 3.01 (defining "criminal episode" as the
"repeated commissions of the same or similar offenses"). Nevertheless, the legislature
placed cocaine and codeine in separate penalty groups. See Tex. Health & Safety Code
Ann. § 481.102(3)(D) (Vernon Supp. 2007); §§ 481.105(1), 481.115, 481.118 (Vernon
2003). Therefore, we must determine whether the legislature intended to consider possession
offenses that are under different penalty provisions as "similar" for purposes of section 3.03
of the Penal Code. 

 Whether these two controlled substance possession offenses, located in different
penalty groups, arise from the same criminal episode depends on the meaning the legislature
intended to assign to the term "similar." The Penal Code does not define "similar." Thus,
we must construe the term as required by the rules of statutory construction. Tex. Pen. Code
Ann. § 1.05(b) (Vernon 2003). Unless the context of a term's use requires a different
construction, we interpret the legislature's intent pursuant to certain provisions of the Code
Construction Act, including section 311.011 of the Texas Government Code. Id. This
provision states: "Words and phrases shall be read in context and construed according to the
rules of grammar and common usage." Tex. Gov. Code Ann. § 311.011(a) (Vernon 2005). 
Dictionaries determine a word's common use. "Similar" means: "1 : having characteristics
in common : very much alike : comparable . . . 2 : alike in substance or essentials :
corresponding . . . ." Webster's Third New International Dictionary 2120 (2002). 

 Both of Green's possession offenses are addressed by the Texas Controlled
Substances Act. See Tex. Health & Safety Code Ann. § 481.001 (Vernon 2003). The
offense of possession of cocaine concerns the unlawful possession of a substance listed in
"Penalty Group 1." Id. §§ 481.102(3)(D), 481.115. Green's offense of possession of codeine
concerns the unlawful possession of a substance listed in "Penalty Group 4." Id. §§ 481.118,
481.105(1). Although the substances for which Green was charged are found in different
penalty groups, we note that some types of codeine offenses are also included among the
substances listed in Penalty Groups 1 and 3. See id. § 481.102(2),(3), § 481.104(a)(4)
(Vernon 2003). Therefore, in assigning these two types of drug offenses to penalty
categories, the legislature did not completely distinguish between substance types by penalty
groups. 

 Additionally, the punishment assessed with respect to each penalty group is
determined predominately by the weight of the substance within the defendant's possession. 
Thus, depending on the weight of the respective drug in the defendant's possession, it
appears that cocaine and codeine possession offenses could result in similar criminal
penalties. See id. §§ 481.115(f), 481.118(e). For example, a life sentence or up to 99 years
may be assessed for the possession of either codeine or cocaine if the amount possessed
exceeds 400 grams. See id. §§ 481.115(f), 481.118(e). 

 Therefore, we conclude that by placing codeine and cocaine in different penalty
groups, the differences are not sufficient to make the two offenses dissimilar. Green's two
offenses are both possession of controlled substance offenses, and for purposes of section
3.03 of the Penal Code, we conclude that the legislature intended them to be considered as
similar offenses. As a result, we conclude that Green's two offenses arise out of the same
"criminal episode." See Tex. Pen. Code Ann. §§ 3.01(2), 3.03; see also Vallez v. State, 21
S.W.3d 778, 783 (Tex. App.-San Antonio 2000, pet. ref'd) (delivery and possession of
controlled substances were same or similar); Hernandez v. State, 938 S.W.2d 503, 508-09
(Tex. App.-Waco 1997, pet. ref'd) (April 16 cocaine sale and September 22 marijuana sale
merely repetitious commissions of the same offense).

 Section 3.03 of the Penal Code also requires that the criminal episode be "prosecuted
in a single criminal action" before it operates to restrict the trial court's discretion in
sentencing to a concurrent sentence. Although the Penal Code does not define the term
"prosecuted in a single criminal action," the Court of Criminal Appeals has stated that "a
defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of
more than one offense arising out of the same criminal episode . . . are presented in a single
trial or plea proceeding, whether pursuant to one charging instrument or several, and the
provisions of Section 3.03 then apply." LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim.
App. 1992). The Court further clarified the meaning of "single criminal action" in Ex parte
Pharr, which held that offenses are not prosecuted in a single criminal action when the trial
court calls each case separately and deals with each individually even if one case is called
immediately after the other. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995). 
However, when the record does not show that each case was dealt with separately, but
instead reflects that multiple cases were considered together, the offenses are considered as
having been prosecuted in a single criminal action. See Polanco v. State, 914 S.W.2d 269,
271-72 (Tex. App.-Beaumont 1996, pet. ref'd). 

 Like Polanco, Green was indicted under separate indictments and entered separate
pleas during his plea proceeding. See id. at 271. Green also signed two separate plea
agreements. Although Green pled guilty to each indictment, the trial court conducted the
balance of his guilty plea hearing jointly, and addressed issues pertaining to both offenses
jointly. For example, the portions of the hearing where the trial court determined that Green
understood the contents of signed documents, the voluntariness of his pleas, the acceptance
of Green's confessions, and the acceptance of Green's pleas were all conducted jointly. 
Where the original plea proceedings do not present separate proceedings, but instead are
conducted in a manner that they are "so intertwined that we are left only to conclude they are
a single criminal action[,]" a court may not order consecutive sentences. Id. at 272.

 Thus, because the State chose to prosecute the two similar possession charges in a
single criminal action, the trial court did not have the authority to order Green's sentences
to run consecutively. See Tex. Pen. Code Ann. § 3.03; see also LaPorte, 840 S.W.2d at 415. 
Green's second issue is sustained. Accordingly, the judgment in trial cause number 90969
from the 252nd District Court of Jefferson County is reformed to delete the cumulation order. 

 AFFIRMED IN PART; REVERSED AND REFORMED IN PART; AFFIRMED AS
REFORMED.



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on September 12, 2007

Opinion Delivered December 5, 2007

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Green filed two separate appeals regarding his convictions. However, because he
presents identical issues in both appeals with respect to the voluntariness of his plea, and the
issue surrounding the stacking of his sentences concerns both convictions, we address his two
appeals in a single opinion
.