In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________


 

NO. 09-09-00233-CR


NO. 09-09-00234-CR


____________________



CHRISTOPHER LEE POUSSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 99006 and 99007






 MEMORANDUM OPINION


 Pursuant to plea bargain agreements, Christopher Lee Pousson pled guilty to two
charges of forgery. See Tex. Pen. Code Ann. § 32.21 (Vernon Supp. 2009). (1) Pousson
appeals from the judgments in both cases: Trial Cause Number 99006 and Trial Cause
Number 99007. (2) In his appeals, he contends that the trial court erred in ordering his
sentence in Cause Number 99007 to run consecutively to his sentence in Cause Number
99006. Because the issues are related, we consider the appeals together.Background

 After Pousson pled guilty to the allegations in the two indictments, the trial court in
each of the cases found the evidence sufficient to find Pousson guilty, but then deferred
further proceedings and placed Pousson on community supervision for four years. 
Approximately a year and a half later, in each of these cases, the State filed a motion to
revoke the orders through which Pousson had been placed on unadjudicated community
supervision. At the revocation and punishment hearing, Pousson pled "true" to eight
violations of the conditions of his community supervision in Cause Number 99006 and pled
"true" to two violations of his community supervision in Cause Number 99007. The trial
court then, in each case, found Pousson had violated the conditions of the terms established
for his community supervision, found Pousson guilty of forgery, and assessed his punishment
at two years' confinement in State Jail. Next, the trial court orally pronounced that Pousson's
two-year sentence in Cause Number 99007 was to run consecutively to his two-year sentence
in Cause Number 99006.

 Pousson appeals from the judgments entered by the trial court in each of the cause
numbers and complains that the trial court improperly stacked his sentences. Pousson
contends that because his offenses arose out of the same criminal episode, and because he
was prosecuted in a single criminal action, the trial court erred by ordering his sentence in
Cause Number 99007 to run consecutively to his sentence in Cause Number 99006. See Tex.
Pen. Code Ann. § 3.03(a) (Vernon Supp. 2009) (providing that absent certain statutory
exceptions, sentences assessed for multiple offenses arising out of the same criminal episode
prosecuted in a single criminal action shall run concurrently).

 The State concedes that Pousson's offenses arise from the same criminal episode, as
Pousson was charged with the same offense-forgery-and both offenses were committed
against the same victim on the same day. However, the State argues that the trial court did
not err in stacking Pousson's sentence because he was not prosecuted in a single criminal
action. While the State acknowledges that the proceedings were handled somewhat together,
the State contends that "it is evident that there was no real co-mingling" of the cases, and that
the "[c]ourt dealt with each proceeding with separate pleas of true or not true and also
assessed punishment separately."

Analysis

 Article 42.08 of the Code of Criminal Procedure grants the trial court authority to
order sentences to either run consecutively or to run concurrently. See Tex. Code Crim.
Proc. Ann. art. 42.08 (Vernon Supp. 2009). However, the trial court's discretion is limited
by section 3.03 of the Texas Penal Code, which provides: "When the accused is found guilty
of more than one offense arising out of the same criminal episode prosecuted in a single
criminal action, a sentence for each offense for which he has been found guilty shall be
pronounced. Except as provided by Subsection (b), the sentences shall run concurrently." 
Tex. Pen. Code Ann. § 3.03(a) (emphasis added). (3) 

 Therefore, we must determine whether Pousson's adjudication and punishment
proceeding was presented in a single trial or proceeding. As the Court of Criminal Appeals
explained, "[A] defendant is prosecuted in 'a single criminal action' whenever allegations
and evidence of more than one offense arising out of the same criminal episode . . . are
presented in a single trial or plea proceeding, whether pursuant to one charging instrument
or several, and the provisions of Section 3.03 then apply." LaPorte v. State, 840 S.W.2d 412,
415 (Tex. Crim. App. 1992). The Court of Criminal Appeals later clarified that guilty pleas
which follow one another do not necessarily constitute a single criminal action. Ex parte
Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995). Therefore, we review the record to
evaluate whether the defendant's cases were handled separately although handled at one
hearing; we have held that "when the record does not show that each case was dealt with
separately, but instead reflects that multiple cases were considered together, the offenses are
considered as having been prosecuted in a single criminal action." Green v. State, 242
S.W.3d 215, 220 (Tex. App.-Beaumont 2007, no pet.) (citing Polanco v. State, 914 S.W.2d
269, 271-72 (Tex. App.-Beaumont 1996, pet. ref'd)).

 At the hearing in the instant case, the trial court began by calling Cause Number
99006. The trial court received Pousson's pleas to the several alleged violations of his
community supervision that pertained to that case. The trial court then called Cause Number
99007 and received Pousson's pleas to the two alleged violations of his community
supervision. At that point, the hearings began to merge into one proceeding. The trial court
prompted Pousson's counsel to speak, but did not indicate which of the two cases to address. 
At that point, Pousson's counsel argued matters that appear to be related to both cases. 
Pousson then addressed the trial court, and the trial judge asked him a few questions, but
again, the trial court did not specify the case to which his questions referred. The State's
attorney then recommended revocation, but again was not specific as to which case the State
intended to address. In summary, based on the transcript of the hearing, we are left to
surmise that the State wanted Pousson's deferred adjudication orders revoked in both cases. 
At that point, the trial court stated that in Cause Number 99006, it found the evidence
sufficient to find eight counts in the motion to revoke true, revoked Pousson's community
supervision, and assessed Pousson's punishment at two years of confinement. The trial court
then, without interruption, stated that it found the evidence sufficient to revoke its order of
community supervision in Cause Number 99007, revoked Pousson's community supervision,
and assessed punishment at two years of confinement. The trial court ordered that Pousson's 
sentence in Cause Number 99007 would run consecutively to the sentence in Cause Number
99006. 

 Like Green and Polanco, Pousson was indicted under separate indictments and
entered separate pleas of "true" during his revocation proceeding. Green, 242 S.W.3d at 220;
Polanco, 914 S.W.2d at 271. Nonetheless, although the trial court accepted Pousson's pleas
separately, the trial court conducted the remainder of the revocation hearing jointly. The
transcript of the hearing reflects that issues pertaining to both cases were jointly addressed. 
For instance, the trial court did not request additional evidence from Pousson in the second
case, Cause Number 99007, before deciding to revoke its community supervision order,
adjudicate Pousson's guilt, or decide Pousson's sentence. When plea proceedings do not
present separate proceedings, "but instead are conducted in a manner that they are 'so
intertwined that we are left only to conclude they are a single criminal action[,]' a court may
not order consecutive sentences." Green, 242 S.W.3d at 220 (quoting Polanco, 914 S.W.2d
at 272).

 We conclude that the trial court chose to conduct the adjudication and punishment
hearings in the two cases in a single plea proceeding. As a result, the trial court did not have
the authority to cumulate Pousson's sentences and make them run consecutively. (4) See Tex.
Pen. Code Ann. § 3.03; see also LaPorte, 840 S.W.2d at 415. Pousson's issues are
sustained. His sentences are to run concurrently. However, because the judgments in Cause
Number 99006 and Cause Number 99007 do not include a cumulation order, we need not
reform them. (5) While we sustain Pousson's issues as they complain about the trial court's oral
pronouncement of his sentence, the written judgments entered in Trial Cause Numbers 99006
and 99007 correctly reflect that Pousson's sentences are to run concurrently, and thus they
are affirmed.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on December 28, 2009

Opinion Delivered January 20, 2010

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. We cite to the current version of the Texas Penal Code and Texas Code of Criminal
Procedure throughout this opinion because the amendments to the cited provisions have no
bearing on the law at issue in this appeal.
2. The respective appellate cause numbers for the cases are No. 09-09-00233-CR and
No. 09-09-00234-CR.
3. Subsection (b) is not applicable to the instant case. See Tex. Pen. Code Ann. §
3.03(b) (Vernon Supp. 2009).
4. While the trial court pronounced its decision to cumulate Pousson's sentences, it
never signed a written cumulation order. See Thompson v. State, 108 S.W.3d 287, 290 (Tex.
Crim. App. 2003) (holding that, generally, when the oral pronouncement of a sentence in
open court and the written judgment conflict, the oral pronouncement controls); see also
Taylor v. State, 131 S.W.3d 497, 500, 502 (Tex. Crim. App. 2004) (applying Thompson in
a deferred adjudication case). 
5. Generally, in cases where a trial court impermissibly cumulates a defendant's
sentence, the reviewing court reforms the written judgment to delete the cumulation order. 
See Merritt v. State, 252 S.W.3d 757, 761 (Tex. App.-Texarkana 2008, no pet.); Green v.
State, 242 S.W.3d 215, 221 (Tex. App.-Beaumont 2007, no pet.); Baker v. State, 107 S.W.3d
671, 673-74 (Tex. App.-San Antonio 2003, no pet.).