**Darrell Eugene GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–07–260 CR, 09–07–261 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 12, 2007.

Decided Dec. 5, 2007.

---

Brack Jones, Jr., Beaumont, for appellant.

Tom Maness, Dist. Atty., Wayln G. Thompson, Asst. Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This appeal[1] presents two questions: (1) whether Darrell Eugene Green's pleas were voluntary, and (2) whether the trial court erred in stacking Green's sentences. We overrule Green's first issue, but agree that the Penal Code prohibits the stacking of sentences where similar offenses are prosecuted in the same criminal action. See TEX. PEN.CODE ANN. § 3.03 (Vernon Supp.2007). Because Green's offenses were similar, and prosecuted in the same criminal action, we conclude that the trial court erred in stacking his sentences. As a result, we reform the judgment to require that his sentences be served concurrently.

Pursuant to plea bargain agreements, Green pled guilty to possession of cocaine and possession of codeine. In each case, the trial court deferred adjudication and placed Green on community supervision. The State subsequently filed motions to revoke Green's unadjudicated community supervisions. At the revocation hearing in each case, Green pled true to violating two terms of his community supervision and the trial court found another violation true after hearing evidence. Subsequently, but on the same date, the trial court conducted Green's sentencing hearings and adjudicated his guilt. The trial court sentenced Green to twenty years' confinement on his possession of cocaine charge (trial cause number 90240) and ten years' confinement on his possession of codeine charge (trial cause number 90969). The trial court ordered that Green's sentence in trial cause number 90969 run consecutive to the sentence in trial cause number 90240.

On appeal, Green argues the trial court breached his plea agreements by ordering consecutive sentences in trial cause number 90969 and trial cause number 90240. Green contends that he understood that he would receive no more than a combined twenty-year sentence in the event his sentences for community supervision were revoked. Because Green received a longer combined sentence than he understood he would receive, Green argues that his guilty pleas were involuntary. Green also asserts that the trial court did not have the discretion to cumulate his sentences because his offenses arise from the same criminal episode and were prosecuted in the same criminal action.

Arguing the trial court breached the plea agreements, Green asserts that he is entitled to withdraw his guilty pleas. Therefore, we first examine Green's plea agreements. The written plea agreements providing for deferred adjudication and community supervision are silent regarding the issue of concurrent or consecutive sentences. At the conclusion of the deferred adjudication hearing, the following

1. Green filed two separate appeals regarding his convictions. However, because he presents identical issues in both appeals with respect to the voluntariness of his plea, and the issue surrounding the stacking of his sentences concerns both convictions, we address his two appeals in a single opinion.

exchange occurred between Green and the trial court:

> The Court: While you're under our supervision, you must comply with all of the conditions that are set.
>
> [Green]: Yes, sir.
>
> The Court: If you do that, your cases will be dismissed—completely wiped off. But, if you don't, if you break a condition, you could get up to 20 years in the penitentiary. That's what is at stake. Do you understand that completely?
>
> [Green]: Yes, sir.

We disagree that this exchange constitutes a promise that the trial court would not cumulate Green's sentences, and does not support Green's claim that he had an agreement that limited his exposure to a concurrent sentence. The exchange, in our opinion, reflects the trial court's attempt to advise Green about the serious consequences he would face if he violated the terms under which the trial court had placed him on community supervision; but the exchange is silent with respect to how the trial court might cumulate Green's sentences in that event.

■ Green relies on *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), which states, "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." A defendant has a right to have the State honor a plea agreement after the trial court has accepted the plea agreement in open court. *Bitterman v. State*, 180 S.W.3d 139, 141 (Tex.Crim.App. 2005).

We disagree that *Santobello* is analogous to the circumstances presented by the record concerning Green's plea agreements. The trial court's statement is not a

"promise" to sentence Green concurrently upon revocation as part of the plea agreements or otherwise. Nothing in the record indicates that Green pled guilty under a false premise, that the State failed to live up to the terms of the plea agreements, or that the trial court did not follow the plea agreements by giving Green deferred adjudication. Because the record does not reflect any promise that Green would receive concurrent sentences, the plea agreements do not restrict the trial court's discretion to impose a sentence allowed by the Penal Code. *See Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex.Crim.App.2005); *see also Ditto v. State*, 988 S.W.2d 236, 238 (Tex.Crim.App.1999). Green's first issue is overruled.

■ In Green's second issue, he asserts that the trial court abused its discretion in cumulating his sentences. The trial court's discretion to order sentences to run consecutively or concurrently is generally defined by the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2006). However, section 3.03 of the Penal Code limits the trial court's discretion to order consecutive sentences, and provides:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b) [not applicable here], the sentences shall run concurrently.

TEX. PEN.CODE ANN. § 3.03(a).

The Penal Code defines a "criminal episode" as the commission of two or more offenses if "the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan" or if "the offenses are the re-

peated commission of the same or similar offenses." TEX. PEN.CODE ANN. § 3.01 (Vernon 2003). Green does not contend that the offenses were from the same transaction or from connected transactions constituting a common scheme or plan, but asserts that the possession charges were the repeat offenses of similar crimes. Green contends that because both of his offenses were for possession of controlled substances, they are repeated commissions of a similar offense. Therefore, Green concludes that the two drug possession offenses qualify as arising from the same "criminal episode."

On the other hand, the State argues that the offenses are not the same because they concern different controlled substances, in this case cocaine and codeine. However, the statute defines "criminal episode" broadly, since it encompasses not only the same offenses, but similar offenses as well. TEX. PEN.CODE ANN. § 3.01 (defining "criminal episode" as the "repeated commissions of the same or similar offenses"). Nevertheless, the legislature placed cocaine and codeine in separate penalty groups. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp.2007); §§ 481.105(1), 481.115, 481.118 (Vernon 2003). Therefore, we must determine whether the legislature intended to consider possession offenses that are under different penalty provisions as "similar" for purposes of section 3.03 of the Penal Code.

Whether these two controlled substance possession offenses, located in different penalty groups, arise from the same criminal episode depends on the meaning the legislature intended to assign to the term "similar." The Penal Code does not define "similar." Thus, we must construe the term as required by the rules of statutory construction. TEX. PEN.CODE ANN. § 1.05(b) (Vernon 2003). Unless the context of a term's use requires a different construction, we interpret the legislature's intent pursuant to certain provisions of the Code Construction Act, including section 311.011 of the Texas Government Code. *Id.* This provision states: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV.CODE ANN. § 311.011(a) (Vernon 2005). Dictionaries determine a word's common use. "Similar" means: "1: having characteristics in common: very much alike: COMPARABLE ... 2: alike in substance or essentials: CORRESPONDING...." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2120 (2002).

Both of Green's possession offenses are addressed by the Texas Controlled Substances Act. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.001 (Vernon 2003). The offense of possession of cocaine concerns the unlawful possession of a substance listed in "Penalty Group 1." *Id.* §§ 481.102(3)(D), 481.115. Green's offense of possession of codeine concerns the unlawful possession of a substance listed in "Penalty Group 4." *Id.* §§ 481.118, 481.105(1). Although the substances for which Green was charged are found in different penalty groups, we note that some types of codeine offenses are also included among the substances listed in Penalty Groups 1 and 3. *See id.* § 481.102(2),(3), § 481.104(a)(4) (Vernon 2003). Therefore, in assigning these two types of drug offenses to penalty categories, the legislature did not completely distinguish between substance types by penalty groups.

Additionally, the punishment assessed with respect to each penalty group is determined predominately by the weight of the substance within the defendant's possession. Thus, depending on the weight of the respective drug in the defendant's possession, it appears that cocaine and codeine possession offenses could result in

similar criminal penalties. *See id.* §§ 481.115(f), 481.118(e). For example, a life sentence or up to 99 years may be assessed for the possession of either codeine or cocaine if the amount possessed exceeds 400 grams. *See id.* §§ 481.115(f), 481.118(e).

Therefore, we conclude that by placing codeine and cocaine in different penalty groups, the differences are not sufficient to make the two offenses dissimilar. Green's two offenses are both possession of controlled substance offenses, and for purposes of section 3.03 of the Penal Code, we conclude that the legislature intended them to be considered as similar offenses. As a result, we conclude that Green's two offenses arise out of the same "criminal episode." *See* TEX. PEN.CODE ANN. §§ 3.01(2), 3.03; *see also Vallez v. State,* 21 S.W.3d 778, 783 (Tex.App.-San Antonio 2000, pet. ref'd) (delivery and possession of controlled substances were same or similar); *Hernandez v. State,* 938 S.W.2d 503, 508–09 (Tex.App.-Waco 1997, pet. ref'd) (April 16 cocaine sale and September 22 marijuana sale merely repetitious commissions of the same offense).

■ Section 3.03 of the Penal Code also requires that the criminal episode be "prosecuted in a single criminal action" before it operates to restrict the trial court's discretion in sentencing to a concurrent sentence. Although the Penal Code does not define the term "prosecuted in a single criminal action," the Court of Criminal Appeals has stated that "a defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply." *LaPorte v. State,* 840 S.W.2d

412, 415 (Tex.Crim.App.1992). The Court further clarified the meaning of "single criminal action" in *Ex parte Pharr,* which held that offenses are not prosecuted in a single criminal action when the trial court calls each case separately and deals with each individually even if one case is called immediately after the other. *Ex parte Pharr,* 897 S.W.2d 795, 796 (Tex.Crim.App. 1995). However, when the record does not show that each case was dealt with separately, but instead reflects that multiple cases were considered together, the offenses are considered as having been prosecuted in a single criminal action. *See Polanco v. State,* 914 S.W.2d 269, 271–72 (Tex.App.-Beaumont 1996, pet. ref'd).

■ Like *Polanco,* Green was indicted under separate indictments and entered separate pleas during his plea proceeding. *See id.* at 271. Green also signed two separate plea agreements. Although Green pled guilty to each indictment, the trial court conducted the balance of his guilty plea hearing jointly, and addressed issues pertaining to both offenses jointly. For example, the portions of the hearing where the trial court determined that Green understood the contents of signed documents, the voluntariness of his pleas, the acceptance of Green's confessions, and the acceptance of Green's pleas were all conducted jointly. Where the original plea proceedings do not present separate proceedings, but instead are conducted in a manner that they are "so intertwined that we are left only to conclude they are a single criminal action[,]" a court may not order consecutive sentences. *Id.* at 272.

Thus, because the State chose to prosecute the two similar possession charges in a single criminal action, the trial court did not have the authority to order Green's sentences to run consecutively. *See* TEX.

PEN.CODE ANN. § 3.03; *see also LaPorte*, 840 S.W.2d at 415. Green's second issue is sustained. Accordingly, the judgment in trial cause number 90969 from the 252nd District Court of Jefferson County is reformed to delete the cumulation order.

AFFIRMED IN PART; REVERSED AND REFORMED IN PART; AFFIRMED AS REFORMED.