# NO. 12-07-00302-CR
# NO. 12-07-00303-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES TODD HARRINGTON,* *APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

*MEMORANDUM OPINION*

James Todd Harrington appeals his two convictions for possession of a controlled substance. Appellant entered pleas of guilty, and the trial court sentenced him to consecutive fifteen and ten year terms. In one issue, Appellant contends the trial court erred in ordering that his sentences run consecutively. Because the trial court improperly cumulated the sentences, we reform the judgment in cause number 12-07-00302-CR to provide for concurrent sentences and, as reformed, we affirm. We affirm the judgment in 12-07-00303-CR.

## BACKGROUND

In trial court cause number 35,673-B, our 12-07-00303-CR, the State alleged that Appellant, on December 14, 2006, intentionally or knowingly possessed a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams. In trial court cause number 35,671-B, our 12-07-00302-CR, the State alleged that Appellant, on February 12, 2007, intentionally or knowingly possessed a controlled substance, methamphetamine, in an amount of one

gram or more but less than four grams. On August 9, 2007, Appellant pleaded guilty to both offenses. During a single proceeding, the trial judge addressed issues pertaining to both offenses jointly. The court found Appellant guilty in each case, and assessed a ten year sentence in cause number 35,671-B and a fifteen year sentence in cause number 35,673-B. The court ordered that the sentence in cause number 35,671-B shall not commence until the sentence in cause number 35,673-B has been fully satisfied.

### CONSECUTIVE SENTENCES

In his sole issue in each cause, Appellant asserts the trial court erred in ordering his sentences to run consecutively. Specifically, he contends that the trial court had no authority to order his sentences to run consecutively because they involve repeated commissions of a similar offense prosecuted in the same criminal action.

Initially, the State asserts that Appellant has waived this issue because he failed to raise it in the trial court. Ordinarily, to preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion stating the grounds for the ruling sought. *See* TEX. R. APP. P. 33.1. However, an improper cumulation order is, in essence, a void sentence, and such error can be raised at any time, even in the absence of a trial objection. ***LaPorte v. State***, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). We will therefore address the merits of Appellant's complaint.

Appellant was convicted for violating Texas Health and Safety Code Section 481.115(c) and (d). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c), (d) (Vernon 2003). For violations of Chapter 481 of the Health and Safety Code, the means of consolidating multiple offenses is provided by Section 481.132. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132 (Vernon 2003); ***Williams v. State***, 253 S.W.3d 673, 675 n.1 (Tex. Crim. App. 2008). If multiple convictions arising out of one single criminal episode are prosecuted together in a single criminal action, then the sentences must run concurrently. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132(d). The statute defines "criminal episode" as the offenses that are "committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct" or "the repeated commission of the same or similar offenses." TEX. HEALTH & SAFETY CODE ANN. § 481.132(a).

2

At the beginning of the guilty plea hearing, the court asked the parties if the two causes could be heard simultaneously. Both sides agreed they could. It is clear from the record that the two causes were prosecuted together in a single criminal action. *See LaPorte*, 840 S.W.2d at 414. We must determine whether the two possession charges arise from the same criminal episode as defined by the Health and Safety Code. Appellant does not argue that the offenses were committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct. Therefore, for our purposes, whether these two offenses arise from the same criminal episode depends on the meaning of the term "similar."

In the absence of a statutory definition and a context requiring a different construction, we construe the statute's words according to their plain and common meaning. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). "Similar" means "[r]elated in appearance or nature; alike though not identical." THE AMERICAN HERITAGE COLLEGE DICTIONARY 1270 (3d ed. 1997). Appellant was convicted twice of the offense of possession of a substance in Penalty Group I as defined in Section 481.115(a). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). The statute specifies the applicable felony classification of an "offense under Subsection (a)" based on the amount of the controlled substance possessed. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b)-(f). Under the language of the statute, the offense remains the same, even where punishment varies. Although the offenses differ in the amount of methamphetamine possessed, and accordingly, also the applicable punishment range, and the date of possession, we conclude that, for purposes of Section 481.132(a), they are similar offenses. *See Green v. State*, 242 S.W.3d 215, 219-20 (Tex. App. -- Beaumont 2007, no pet.) (Held that possession of cocaine and possession of codeine are similar offenses even though they are in different penalty groups.). Therefore, the two offenses arise from the same criminal episode. By the express terms of Section 481.132(d), the trial court was required to order Appellant's sentences to run concurrently. We sustain Appellant's sole issue.

### DISPOSITION

We *reform* the judgment in trial court cause number 35,671-B to delete the cumulation order. As reformed, we *affirm* the trial court's judgment in trial court cause number 35,671-B, our 12-07-00302-CR. We *affirm* the judgment in cause number 35,673-B, our 12-07-00303-CR.

　　　　　　　　　　　　　　　　　　　　　　　　 JAMES T. WORTHEN
　　　　　　　　　　　　　　　　　　　　　　　　　　 Chief Justice


Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


4