In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00086-CR


NO. 09-09-00087-CR


NO. 09-09-00088-CR


NO. 09-09-00090-CR


____________________



RODRICK FRANCIS HARTFIELD, Appellant



V.


 

THE STATE OF TEXAS, Appellee


 




On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 07-02428, 07-02429, 08-03124 and 08-04101





 

MEMORANDUM OPINION



 In these appeals from the revocation of his deferred adjudication community
supervision and the imposition of sentence in four cases, Hartfield contends the trial court
erred by ordering his sentences to run consecutively. In the first two cases, we affirm the
trial court's judgments. We modify the trial court's judgments by deleting the cumulation
orders in the two remaining cases and affirm the trial court's judgments as modified.

 Pursuant to plea bargain agreements, appellant Rodrick Francis Hartfield pleaded 
guilty to possession of a prohibited weapon, burglary of a habitation, and two charges of
engaging in organized criminal activity. The trial court found the evidence sufficient to find
Hartfield guilty in each case, but deferred further proceedings and placed Hartfield on
community supervision. The State subsequently filed a motion to revoke Hartfield's
unadjudicated community supervision in each case. Hartfield entered a plea of "true" to one
violation of the conditions of his community supervision in all four cases.

 The trial court held a revocation and sentencing hearing in each case approximately
one month later. In each case, the trial court found that Hartfield violated the conditions of
his community supervision and found him guilty. In the possession of a prohibited weapon
case (trial cause number 07-02428), the trial court assessed punishment at ten years of
confinement. In the burglary of a habitation case, the trial court assessed punishment at
twenty years of confinement and ordered that the sentence would run consecutively to the
sentence in the possession of a prohibited weapon case. In the first engaging in organized
criminal activity case (trial cause number 08-03124), the trial court assessed punishment at
ten years of confinement and ordered that the sentence would run consecutively to the
sentence in the burglary of habitation case. In the second engaging in organized criminal
activity case (trial cause number 08-04101), the trial court assessed punishment at ten years
of confinement and ordered that the sentence would run consecutively to the sentence in the
first engaging in organized criminal activity case (cause number 08-3124). Hartfield then
filed these appeals, in which he contends that the trial court erred in ordering his sentences
to run consecutively because his cases arose from the same criminal episode and were
prosecuted in a single criminal action. See Tex. Pen. Code Ann. § 3.03 (Vernon Supp.
2009).

 Section 42.08 of the Code of Criminal Procedure grants the trial court the authority
to order sentences to run consecutively or concurrently. See Tex. Code Crim. Proc. Ann.
art. 42.08 (Vernon Supp. 2009). However, the trial court's discretion is limited by section
3.03 of the Penal Code, which provides as follows: "When the accused is found guilty of
more than one offense arising out of the same criminal episode prosecuted in a single
criminal action, a sentence for each offense for which he has been found guilty shall be
pronounced. Except as provided by Subsection (b), (1) the sentences shall run concurrently." 
Tex. Pen. Code Ann. § 3.03(a) (emphasis added).

 We must first determine whether the offenses with which Hartfield was charged arose 
from the same criminal episode. A "criminal episode" is the commission of two or more
offenses committed pursuant to the same transaction or pursuant to two or more transactions
that are connected or constitute a common scheme or plan or if "the offenses are the repeated
commission of the same or similar offenses." Tex. Pen. Code Ann. § 3.01(1)(2) (Vernon
2003).

 As previously discussed, Hartfield was charged with possession of a prohibited
weapon, burglary of a habitation, and two charges of engaging in organized criminal
activity. (2) The State alleged that the possession of a prohibited weapon charge and the
burglary of a habitation charge both occurred on or about November 9, 2007. With respect
to both of the engaging in organized criminal activity charges, the State alleged that Hartfield
"did then and there with the intent to establish, maintain, and participate in a combination and
in the profits of a combination, collaborate in carrying on criminal activities by committing
the offense of" burglary of a building. The State alleged that one of the charges occurred on
or about January 22, 2008, and that the other occurred on or about January 13, 2008. We find
that the burglary of a habitation charge, as well as the two charges of engaging in organized
criminal activity, were repeated commission of the same or similar offenses and, therefore,
constitute the same criminal episode. See Tex. Pen. Code Ann. § 3.01.

 The issue of whether the possession of a prohibited weapon charge was also part of
the same criminal episode presents a somewhat more difficult question. As previously stated,
the weapon offense occurred on the same day as the burglary of a habitation charge, but did
not occur on the same date as any of the other charges. However, the record before us does
not reveal whether Hartfield committed the possession of a prohibited weapon offense
pursuant to the same transaction or pursuant to two or more transactions that were connected
or constitute a common scheme or plan. See id. The pre-sentence investigation report in the
possession of a prohibited weapon case indicates that two stolen firearms were found in the
trunk of Hartfield's vehicle, while the prohibited weapon (a sawed-off twelve-gauge
shotgun) was found under the seat of Hartfield's vehicle. The pre-sentence report in the
burglary of a habitation case does not connect the possession of the prohibited weapon to the
burglary of a habitation. In addition, possession or use of a weapon is not one of the 
elements of the offense of burglary. See Tex. Pen. Code Ann. § 30.02 (Vernon 2003). 
Therefore, we determine that on this record, the possession of a prohibited weapon offense
was not part of the same criminal episode as the other offenses. Accordingly, the general
provision in section 3.03(a) concerning offenses arising from the same criminal episode did
not apply, and the trial court was authorized to order another offense to run consecutively to
the possession of a prohibited weapon offense. See id. § 3.01 (Vernon 2003), § 3.03 (Vernon
Supp. 2009); see also id. § 30.02 (Vernon 2003).

 With respect to the burglary of a habitation and engaging in organized criminal
activity charges, we now turn to the issue of whether Hartfield was prosecuted in a single
criminal action. The Court of Criminal Appeals has explained that "a defendant is
prosecuted in 'a single criminal action' whenever allegations and evidence of more than one
offense arising out of the same criminal episode . . . are presented in a single trial or plea
proceeding, whether pursuant to one charging instrument or several, and the provisions of
Section 3.03 then apply." LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). 
Offenses are not prosecuted in a single criminal action when the trial court calls each case
separately and deals with each individually even if one case is called immediately after the
other. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995). "[W]hen the record
does not show that each case was dealt with separately, but instead reflects that multiple
cases were considered together, the offenses are considered as having been prosecuted in a
single criminal action." Green v. State, 242 S.W.3d 215, 220 (Tex. App.--Beaumont 2007,
no pet.) (citing Polanco v. State, 914 S.W.2d 269, 271-72 (Tex. App.--Beaumont 1996, pet.
ref'd)).

 During the hearing at which the trial court revoked Hartfield's community supervision
in each case, adjudicated him guilty, and assessed punishment, the trial court initially called
trial cause number 07-02428 (the possession of a prohibited weapon case). The trial judge
noted that Hartfield had five cases, and asked counsel, "[A]re your comments going to be
applicable to each case?" Trial counsel responded "Yes, Your Honor." Hartfield's counsel
then argued various factors in mitigation of punishment, including Hartfield's youth, family
support system, and lack of a juvenile record, and the Court engaged in an extended colloquy
with Hartfield.

 At one point during the Court's exchange with Hartfield, the Court stated, "you are
exposed to . . . 52 years in the penitentiary, and what I'm trying to do is get a read for you,
because if I continue down the road I'm going down, you are going to get the higher end of
that. And right now I don't have a real good feel for you." Hartfield then mentioned the
burglary of a habitation case and stated that he helped friends and family with the property
he stole. The trial court asked the prosecutor for his response, and, without specifying to
which case he was referring, the prosecutor said, "[The] State asks for revocation, Your
Honor." Based upon the transcript, we surmise that the State desired revocation of the
deferred adjudication orders in all of Hartfield's cases.

 The trial court then called cause number 07-02428 again, stated that he found the
evidence sufficient to find count one of the motion to revoke true, revoked Hartfield's
unadjudicated community supervision, found him guilty of possession of a prohibited
weapon, and assessed punishment at ten years of confinement. The trial court then called
cause number 07-02429, stated that he found the evidence sufficient to find count one of the
motion to revoke true, revoked Hartfield's unadjudicated community supervision, found him
guilty of burglary of a habitation, assessed punishment at twenty years of confinement, and
ordered that the sentence would run consecutively to the sentence in cause number 07-02428. 
The trial court next called cause number 08-03124, stated that he found the evidence
sufficient to find count one of the motion to revoke true, revoked Hartfield's unadjudicated
community supervision, found him guilty of engaging in organized criminal activity, assessed
punishment at ten years of confinement, and ordered that the sentence would run
consecutively to the sentence in cause number 07-02429. Lastly, the trial court called cause
number 08-04101, stated that he found the evidence sufficient to find count one of the
motion to revoke true, revoked Hartfield's unadjudicated community supervision, found
Hartfield guilty of engaging in organized criminal activity, assessed punishment at ten years
of confinement, and ordered that the sentence would run consecutively to the sentence in
cause number 08-03124.

 Although the trial court began the revocation and sentencing hearing by calling the
possession of a prohibited weapon case, the trial court conducted the remainder of the
hearing jointly. The transcript of the hearing demonstrates that the trial court asked defense
counsel whether his arguments would pertain to all of Hartfield's cases and then accepted
counsel's arguments that pertained to every case. In addition, during its extended colloquy
with Hartfield, the trial court discussed the total range of punishment facing Hartfield if all
of the sentences were to run consecutively. Furthermore, the State simply requested
revocation without specifying to which case it was referring.

 When plea proceedings "are conducted in a manner that they are 'so intertwined that
we are left only to conclude they are a single criminal action[,]' a court may not order
consecutive sentences." Green, 242 S.W.3d at 220 (quoting Polanco, 914 S.W.2d at 272). 
We conclude that the trial court conducted the punishment hearings in all four cases in a
single proceeding, and was not authorized to cumulate the sentences that arose from a single
criminal episode. See Tex. Pen. Code Ann. § 3.03.

 Because the possession of a prohibited weapon offense was not part of the same
criminal episode as the other offenses, the trial court was authorized to order that Hartfield's
sentence in the burglary of a habitation case run consecutively to it. (3) See id. Accordingly,
we affirm the trial court's judgments in the possession of a prohibited weapon case (trial
cause number 07-02428) and the burglary of a habitation case. However, because the
burglary of a habitation case and the two engaging in organized criminal activity offenses
were part of the same criminal episode, and the trial court conducted a joint revocation and
punishment hearing, section 3.03 prohibits the trial court from ordering the sentences to run
consecutively. See id. Accordingly, we modify the trial court's judgment in the first
engaging in organized criminal activity case (trial cause number 08-03124) to state, "THIS
SENTENCE SHALL RUN CONCURRENTLY" and by deleting the trial court's cumulation
order, which provides that the sentence will not commence until Hartfield's sentence in the
burglary of a habitation case has ceased to operate. For the same reasons, we modify the trial
court's judgment in the second engaging in organized criminal activity case (trial cause
number 08-04101) to state, "THIS SENTENCE SHALL RUN CONCURRENTLY" and by
deleting the trial court's cumulation order, which provides that the sentence will not
commence until Hartfield's sentence in the first engaging in organized criminal activity case
(trial cause number 08-03124) has ceased to operate.

 AFFIRMED IN PART; AFFIRMED AS MODIFIED IN PART.




 

 STEVE McKEITHEN

 Chief Justice


 

Submitted on November 12, 2009

Opinion Delivered February 24, 2010

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Subsection (b) is not applicable to the instant case. See Tex. Pen. Code
Ann. § 3.03(b).
2. Hartfield also appealed his conviction for burglary of a building in trial cause
number 08-03945, and we address that appeal (No. 09-09-089-CR) in a separate opinion.
3. In his brief in the possession of a prohibited weapon case, Hartfield argues that the
trial court ordered that case to run consecutively to the burglary of a habitation case. 
However, the record does not support Hartfield's contention. The trial court's judgment in
the possession of a prohibited weapon case does not contain a cumulation order. The trial
court ordered the burglary of a habitation case to run consecutively to the weapon case, not
vice versa as Hartfield contends.