

# NUMBER 13-11-418-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MICAH ALLEN WALKER** **A/K/A MICAH ALLEN WALKER,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 252nd District Court of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This is an appeal from a judgment adjudicating appellant, Micah Allen Walker a/k/a Micah Allen Walker, guilty of possession of marihuana in an amount less than five pounds, but more than four ounces. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010). The trial court sentenced appellant to two years' confinement in the State Jail

Division of the Texas Department of Criminal Justice. By one issue, appellant argues that the trial court abused its discretion in cumulating his sentence upon an earlier sentence arising from another case. We affirm.

## I. BACKGROUND[1]

Appellant was indicted by a Jefferson County grand jury on June 24, 2010, for possession of marihuana. *Id.* § 481.121(b) (3) (West 2010). He pleaded guilty and, pursuant to a plea-bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for a period of four years, and assessed a fine of $500. Subsequently, the State filed a motion to revoke appellant's probation. Appellant pleaded true to two counts in the motion to revoke, and the trial court revoked his community supervision, adjudicated him guilty, and assessed punishment in state jail for two years. The court then orally pronounced the sentence to run consecutively with a sentence imposed in another case in which appellant was convicted of possession of methamphetamine pursuant to section 481.116 of the Texas Health and Safety Code. *See id.* § 481.116 (West 2010). The judgment, however, orders the sentences to run concurrently.

## II. ANALYSIS

Appellant urges in his sole issue that the trial court erred in ordering the sentences to run consecutively.

In matters arising from the Texas Controlled Substances Act, section 481.132 applies when cumulating sentences. TEXAS HEALTH & SAFETY CODE ANN. § 481.132

---

[1] This case is before this Court from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

(West 2010).  That section provides:

(a)  In this section, "criminal episode" means the commission of two or more offenses under this chapter under the following circumstances:

(1)  the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct; or

(2)  the offenses are the repeated commission of the same or similar offenses.

(b)  A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.  If a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, not later than the 30th day before the date of the trial, the state shall file written notice of the action.

. . .

(d)  If the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently.

*Id.*

The State conceded, and we agree, that the two offenses grew out of the same criminal episode for purposes of the statute.  *See LaPorte v. State,* 840 S.W.2d 412 (Tex. Crim. App. 1992).  The issue remains, however, whether appellant has been prosecuted for the applicable offenses in a "single criminal action."  In *LaPorte,* the court opined that a "single criminal action" refers to a single trial or plea proceeding.  *Id.* at 415. In *Rollins v. State*, the court noted:

a defendant is prosecuted in a 'single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding.  *Ex Parte Pharr*, 897 S.W.2d 795 (Tex. Crim. App. 1995), citing *LaPorte*, clarified the

3

situation somewhat. In a post-conviction application for writ of habeas corpus, Pharr claimed he had been tried in a single criminal action, therefore his two convictions should not have been cumulated. The court said the statement of facts showed Pharr pleaded guilty, was admonished, was found guilty and was sentenced in the first case. Immediately thereafter, the same litany occurred in the second case. The court held the record supported the trial court's finding that Pharr was not tried in a single criminal action and denied the relief.

994 S.W.2d 429, 432 (Tex. App.—Beaumont 1999, no pet.).

In *Polanco v. State*, the court noted that *Pharr* did not give a "dictionary definition" of a single criminal action, rather, *Pharr* held that guilty pleas that follow one another are not single criminal actions. 914 S.W.2d 269, 272 (Tex. App.—Beaumont 1996, pet. ref'd). In *Polanco*, there were two separate indictments, but both cases were presented to and considered by the court in an intertwined manner. *Id.* at 271–2. The appellant, in *Polanco*, signed separate confessions and entered separate pleas. The balance of the proceeding was held jointly with respect to among other things, range of punishment, inquiries regarding competency, and the voluntariness of the plea. *Id.* at 272. The *Polanco* Court ultimately concluded that the court could not order consecutive sentences because the plea proceedings did not follow one another but were so intertwined that it was a single criminal action. *Id.*

Similarly, in *Jackson v. State*, the court concluded that a jury trial was a single criminal action arising out of the same criminal episode. 157 S.W.3d 514, 516 (Tex. App.—Beaumont 2005, no pet.); *see Green v. State*, 242 S.W.3d 215, 220 (Tex. App.—Beaumont 2007, no pet.) (holding that although Green entered separate pleas and signed separate plea agreements, because the trial court conducted the balance of the hearing jointly, it was a single criminal action); *see also Rollins*, 994 S.W.2d at 433

4

(holding that because the trial court treated the charged offenses as a single criminal action, it was a single criminal action under the statute).

We look to the original plea in determining whether ordering sentences to run concurrently or consecutively is permissible. *See Hancock v. State* No. 09-09-00017-CR, 09-09-00046-CR 2010 WL 2854410, at *2 (Tex. App.—Beaumont, July 21, 2010, no pet.). An improper cumulation order is, in essence, a void sentence, and error cannot be waived. *Jackson*, 157 S.W.3d at 516; *LaPorte*, 840 S.W.2d at 415.

Here, appellant was indicted under separate indictments and entered separate pleas during his plea proceeding in each of the two cases. The trial court asked him if he understood everything he signed in each case. Appellant stated that he understood everything he signed. The court then asked if appellant, in each case, actually committed the crimes for which he had been charged. The trial court stated: "Then in each case I find the facts justify a verdict of guilt."

During sentencing, the court concluded: "Mr. Walker, in each of your cases I'm going to follow the agreement that you made with the district attorney. In each case, all proceedings are deferred for four years."

Although the court called each case individually, he clearly intertwined them both during the plea hearing and at sentencing. *See Polanco*, 914 S.W.2d at 271–72. Here, as in *Green*, appellant was indicted under separate indictments and entered separate pleas. 242 S.W.3d at 220. The portions of the hearing where appellant was asked if he understood the contents of the signed documents and the voluntariness of his pleas were conducted jointly. The sentencing was also intertwined. Because the original plea did

5

not present separate proceedings, but was intertwined, the court could not order consecutive sentences. *See id.*

Thus, we hold that the action was a single criminal action under the statute and the trial court erred in its oral pronouncement that appellant's sentences should be served consecutively. Ordinarily, we would reform the judgment. But in this case, the written judgment correctly reflects that the sentences are to run concurrently. Although we sustain appellant's issue, we affirm the judgment adjudicating guilt and ordering the sentences to run concurrently, as it appears in the written judgment.

### III. CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of October, 2011.

6