76,282-11

February 9, 2015

Sandy R. Dickerson
#1483568
Polunsky Unit
3872 FM 350 S
Livingston, Texas 77351


Dear Hon. Acosta:

Please find enclosed Applicant's Application for a Writ of Mandamus; Applicant request with respect for you to file said Application and send him a date stamped copy of the foregoing for his records please Sir.


Thank you for considering my request. As I look forward to hearing from you soon.


Sincerely

S. Dickerson


RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 12 2015

Abel Acosta, Clerk

CAUSE No.0966689D, 1043378D

EX PARTE                                §        IN THE COURT OF
                                        §
                                        §        CRIMINAL    APPEALS
                                        §
                                        §
SANDY RAY DICKERSON                     §        OF AUSTIN, TEXAS


PETITION FOR A WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sandy Ray Dickerson, (TDCJ-ID) No.1483568, hereon as Applicant files this Writ of Mandamus Pursuant to Art. 42.03, Section 2 (a) (1) of the Code of Criminal Appeals (quoting Ex Parte Michael v. Court of Criminal Appeals of Texas, 319 S.W. 3d 695-696 (2010) moves this court for a Petition for a Writ of Mandamus for the reasons set forth below.


The copies which are attached to the back of this motion, and as grounds therefore would show this Honorable Court as follows:


STATEMENT OF FACTS

A.

On January 17, 2008 in cause No.0966689D, the Applicant agreed to serve a term of 12-years, for the offense of murder; TO BE SERVED CONCURRENTLY. SEE Exhibit A, Attached to Petition.


1.

**2.**

On January 17, 2008 in cause number 1043378D, the Applicant agreed to serve a term of 12-years, for the offense of Aggravated Robbery, "*TO BE SERVED CONCURRENTLY*." SEE. Exhibit B, Attached to Petition.

**3.**

The Criminal District Court Number Four awarded Applicant 1068-days, of jail time credit on cause number 0966689D; and 437-days, of jail time credit on cause number 1043378D. SEE Exhibit A and B, Attached to Petition.

### ARGUMENT AND AUTHORITIES

**4.**

Because, the Criminal District Court Number Four awarded Applicant 1068-days of jail time credit on cause number 0966689D, and only 437-days of jail time credit on cause number 1043378D, (TDCJ-ID) said that the Applicant WILL discharge cause number 0966689D on 2-13-2017, and WILL discharge cause number 1043378D on 11-6-2018. SEE Exhibit C, AFFIDAVIT OF CHARLEY VALDEZ, Attached to Petition.

**5.**

The Applicant contends that the Criminal District Court Number Four violated his 8th, and 14th U.S.C.A.; because, the trial court sentence him without it being recorded. SEE Exhibit D, Attached to Petition.

6.

The Applicant contends that he has a due process "legitimate Expectation" that the sentence he heard orally pronounced in the courtroom is the same sentence that he will be required to serve. SEE Ex Parte Madding, 70 S.W. 3d 131-137 (Tex. Crim. App. 2002).

7.

The Applicant contends that the trial court breached his plea agreement by ordering consecutive sentences in trial cause number 0966689D, and 1043378D. SEE Green v. State, 242 S.W. 3d 215-221 (Tex. App.-Beaumont 2007).

8.

Furthermore, the Applicant contends that he understood that he would receive no more than a combined 12-year sentence. SEE Green v. State, 242 S.W. 3d 215-221 (Tex. App.-Beaumont 2007).

9.

Because, Applicant received a longer combined sentence than he understood he would receive, Applicant argues that his guilty pleas were involuntary. SEE Green v. State, 242 S.W. 3d 215-221 (Tex. App.-Beaumont 2007).

ORDER

The Applicant respectfully order the Honorable Court of Criminal Appeals to issue an order to the trial court ordering them to

3.

correct the Applicants pre-sentence jail time credit to make the record speak the truth.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Applicant pray with respect that this Honorable court grant this Application and issue a Writ Of Mandamus directing the Criminal District Court Number Four of Tarrant County, Texas to Execute Judgment in this case; and forward a copy of the correction to Classification and Records Texas Department Of Criminal Justice Corrections Institutions Division.

## UNSWORN DECLARATION

I, Sandy Ray Dickerson, (TDCJ-ID) No.1483568, am presently incarcerated at the Allen B. Polunsky Unit in Polk County, Texas declare under penalty of perjury that the facts stated in this document are true and correct to the best Of my knowledge.

## CERTIFICATE OF SERVICE

I, Sandy Ray Dickerson, certify an original and one copy of Application for Writ Of Mandamus, has been mailed first class mail to Clerk Abel Acosta, Court of Criminal Appeals Supreme Court Bldg, 201 W 14th St, Rm 106, P.O. Box 12308-Austin, Texas 78711-2308, On Or before the 9th day of February, 2015.

SANDY RAY DICKERSON
TDCJ-ID, #1483568
Allen B. Polunsky Unit
3872 FM 350 S
Livingston, Texas 77351

## CASE NO. 0966689D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| VS. | § | COURT NUMBER FOUR |
| SANDY RAY DICKERSON | § | TARRANT COUNTY, TEXAS |

### JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
### WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding | : HON. MICHAEL THOMAS | Date of Judgment | : JANUARY 17, 2008 |

| | | | |
|---|---|---|---|
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : MICHELE HARTMANN DIXIE BERSANO |

| | | | |
|---|---|---|---|
| Attorney for Defendant | : GREG WESTFALL JOETTA KEENE | Charging Instrument: | INDICTMENT |

| Offense Date | Convicted Offense | |
|---|---|---|
| OCTOBER 6, 2002 | MURDER | |

| Degree | Count | Plea |
|---|---|---|
| 1ST | LESSER INCLUDED OFFENSE OF COUNT ONE | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: AN OBJECT UNKNOWN TO THE GRAND JURY DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |

| | |
|---|---|
| Terms of Plea Bargain | : 12 YEARS ID |

| | |
|---|---|
| Plea to Enhancement Paragraph(s) | : NONE |

| | |
|---|---|
| Plea to Habitual Paragraph(s) | : NONE |

| | |
|---|---|
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE |

| | | |
|---|---|---|
| Date Sentence Imposed | : JANUARY 17, 2008 | Date to Commence : JANUARY 17, 2008 |

| | |
|---|---|
| Punishment Place of Confinement | : COUNT ONE - TWELVE (12) YEARS : INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |

| | | | |
|---|---|---|---|
| Time Credited | : 1068 DAYS | Court Costs | : $253.00 |
| Reparation | : NONE | Restitution | : NONE |
| | : DEADLY WEAPON FINDING NOTICE - AFFIRMED | | |
| Multiple Sentences | : TO BE SERVED CONCURRENTLY | | |
| | WITH SENTENCE(S) RENDERED IN TARRANT COUNTY | | |

On this day, set forth above, this cause came for trial and came the State of Texas by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the

same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by the Defendant in open court; the Defendant entered the above shown plea thereto; and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, yet the Defendant persisted in entering such plea; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed and set forth above.

And when shown above, that the charging instrument contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment then the Court asked Defendant if such allegations were true or false and Defendant answered True. Thereupon, the Court, after having heard all of the evidence as to such alleged prior convictions, is of the opinion and finds Defendant has been heretofore convicted as alleged in said enhancement paragraph(s) as may be shown above.

IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that said judgment be, and the same is hereby in all things approved and confirmed, and that said Defendant is adjudged guilty of the offense set forth above, by the Court (a jury having been waived in accordance with law) and that said Defendant be punished in accordance with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be delivered by the Sheriff to the Director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment and execution may issue as necessary.

And, if shown above that Defendant has been duly and legally convicted of a prior offense by showing the court, cause number, and offense together with his punishment for such offense and date Defendant was sentenced for such offense in accordance with such conviction, then it is further ORDERED AND ADJUDGED that the punishment herein adjudged against the said Defendant shall begin when the judgment and sentence in such prior offense, when shown above, shall have ceased to operate. And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment.

_____
PRESIDING JUDGE

Date Signed      :   JANUARY 17, 2008

Notice of Appeal      :   _____

Mandate Received      :   _____

## CASE NO. 1043378D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| VS. | § | COURT NUMBER FOUR |
| SANDY RAY DICKERSON | § | TARRANT COUNTY, TEXAS |

### JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
### WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding | : HON. MICHAEL THOMAS | Date of Judgment | : JANUARY 17, 2008 |
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : MICHELE HARTMANN DIXIE BERSANO |
| Attorney for Defendant | : GREG WESTFALL JOETTA KEENE | Charging Instrument: | INDICTMENT |

| Offense Date | Convicted Offense |
|---|---|
| OCTOBER 13, 2002 | AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM |

| Degree | Count | Plea |
|---|---|---|
| ST | ONE | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |

| Offense Date | Convicted Offense |
|---|---|
| OCTOBER 13, 2002 | AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM |

| Degree | Count | Plea |
|---|---|---|
| ST | TWO | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |

| Offense Date | Convicted Offense |
|---|---|
| OCTOBER 13, 2002 | AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM |

| Degree | Count | Plea |
|---|---|---|
| 1ST | THREE | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM. |

| | |
|---|---|
| Terms of Plea Bargain | : 12 YEAR ID |
| Plea to Enhancement Paragraph(s) | : NONE |
| Plea to Habitual Paragraph(s) | : NONE |
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE |

# EXHIBIT B.

| Date Sentence Imposed | : JANUARY 17, 2008 | Date to Commence : JANUARY 17, 2008 |
|---|---|---|

| | |
|---|---|
| Punishment | : COUNT ONE - TWELVE (12) YEARS |
| Place of Confinement | : INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |
| Punishment | : COUNT TWO - TWELVE (12) YEARS |
| Place of Confinement | : INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |
| Punishment | : COUNT THREE - TWELVE (12) YEARS |
| Place of Confinement | : INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |

| | | | |
|---|---|---|---|
| Time Credited | : 437 DAYS | Court Costs | : $253.00 |
| Reparation | : NONE | Restitution | : NONE |
| Multiple Sentences | : TO BE SERVED CONCURRENTLY | | |
| | WITH SENTENCE(S) RENDERED IN TARRANT COUNTY | | |

On this day, set forth above, this cause came for trial and came the State of Texas by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by the Defendant in open court; the Defendant entered the above shown plea thereto; and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, yet the Defendant persisted in entering such plea; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed and set forth above.

And when shown above, that the charging instrument contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment then the Court asked Defendant if such allegations were true or false and Defendant answered True. Thereupon, the Court, after having heard all of the evidence as to such alleged prior convictions, is of the opinion and finds Defendant has been heretofore convicted as alleged in said enhancement paragraph(s) as may be shown above.

IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that said judgment be, and the same is hereby in all things approved and confirmed, and that said Defendant is adjudged guilty of the offense set forth above, by the Court (a jury having been waived in accordance with law) and that said Defendant be punished in accordance with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be delivered by the Sheriff to the Director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment and execution may issue as necessary.

And, if shown above that Defendant has been duly and legally convicted of a prior offense by showing the court, cause number, and offense together with his punishment for such offense and date Defendant was sentenced for such offense in accordance with such conviction, then it is further ORDERED AND ADJUDGED that the punishment herein adjudged against the said Defendant shall begin when the judgment and sentence in such prior offense, when shown above, shall have ceased to operate. And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment.

PRESIDING JUDGE

Date Signed : JANUARY 17, 2008

Notice of Appeal : _____

Mandate Received : _____

EXHibit C.

No. C-4-009049-0966689-A
No. C-4-009048-1043378-A

**AFFIDAVIT OF CHARLEY VALDEZ**

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUL 29 2010

TIME _____ 2:35
BY _____ Cas _____ DEPUTY

STATE OF TEXAS

COUNTY OF WALKER

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Charley Valdez, who, after being duly sworn, deposes as follows:

"My name is Charley Valdez. I am over twenty-one years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated.

I am employed as Program Supervisor II for the Classification and Records Department ("CRD") of the Texas Department of Criminal Justice-Corrections Institutions Division, and my office is located in Huntsville, Texas. I have reviewed time records kept by the CRD regarding offender **Sandy Ray Dickerson, TDCJ # 1483568.** CRD maintains these records in the regular course of business of every offender confined; and it was the regular course of business for an employee or representative to TDCJ-CID with knowledge of the act, event, condition, opinion or diagnoses, recorded to make the record or to transmit information thereof to be reasonably soon thereafter. Based on my review of these records, the following table contains the current sentence information for Dickerson.

EXHibit C

**Dickerson, Sandy Ray TDCJ# 1483568**
**Page 2**

| Offense | County | Cause Number | Sentence | Offense Date | Sentence Date | Sentence Begin Date | Maximum Expiration Date |
|---------|--------|--------------|----------|--------------|---------------|---------------------|-------------------------|
| Aggravated Robbery W/DW Firearm 3-counts | Tarrant | 1043378D 3-counts | 12-years | 10-13-2002 | 1-17-2008 | 11-6-2006 437-days jail credit | 11-6-2018 |
| Murder | Tarrant | 0966689D | 12-years | 10-13-2002 | 1-17-2008 | 2-13-2005 1068-days jail credit | 2-13-2017 |

1. *Has the applicant made a claim through the time credit resolution system of the Institutional Division of the Texas Department of Criminal Justice?*

ANS: Pursuant to Texas Government Code § 501.0081, this office received a time dispute resolution form from Applicant on 3-19-2008, and responded to the Applicant on 11-15-2008. This office responded to the Applicant that there was no error in his current time calculations, and was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.

2. *What time credit(s), if any, have been applied to the applicant's sentences in these cases?*

ANS: Criminal District Court Number Four awarded Applicant 437-days of jail credit on cause number 1043378D (3cts.) and 1068-days of jail credit on cause number 0966689D.

3. *What total credits(s) does the applicant currently have toward the completion of his sentences?*

ANS: Applicant has a total of 3-years, 7-months, and 18-days toward completion of his sentence because cause number 1043378D only allowed 437-days of jail credit, making this the controlling sentence of record.

4. *What is the applicant's projected release date?*

ANS: Applicant has a maximum discharge date of 11-6-2018 due to the fact that he is not eligible for mandatory supervision release because he is serving sentences for offenses, Aggravated Robbery with a Deadly Weapon Firearm (3 counts) and Murder, that are described in Texas Government Code § 508.149 (a).

5. *What is the applicant's maximum discharge date?*

ANS: Applicant has a maximum discharge date of 11-6-2018.

EXHibit C.

Dickerson, Sandy Ray  TDCJ# 1483568
Page 3

_Charley Valdez_

**CHARLEY VALDEZ**
**Program Supervisor II**
**Classification and Records**
**Texas Department of Criminal Justice**
**Corrections Institutions Division**

SUBSCRIBED AND SWORN TO before me, the said Notary Public on this the 22nd day of July, 2010, to certify which witness my hand and seal of office.

GENEVIEVE Z. ROSE
Notary Public, State of Texas
My Commission Expires
NOVEMBER 09, 2010

Notary without Bond

Notary Public In and For
The State of Texas

EXHIBIT D

# KIM CHERRY, CSR, RMR
## OFFICIAL COURT REPORTER
## CRIMINAL DISTRICT COURT NO. 4
## 401 W. BELKNAP, 8ᵀᴴ FLOOR
## FORT WORTH, TEXAS 76196
## 817-884-2597

September 3, 2013

Mr. Sandy R. Dickerson
#01483568
3872 FM 350 S
Livingston, Texas 77351

In re: Cause No. 1043378D; State vs. Sandy Ray Dickerson
Court of Appeals No. 02-13-00079-CV

Dear Mr. Dickerson:

This is in response to your letter dated 8/19/13 wherein you request "a copy of the minutes sentencing and Judgment transcripts."

I was the official court reporter when the above-referenced cause went to trial in January of ~~1998~~ 2008. I have researched the records, and the trial that commenced on January 14ᵗʰ, 2008, ended in a plea to the Court on January 17, 2008. The voir dire and trial on the merits were recorded by me, but the plea and sentencing by the Court on January 17ᵗʰ, 2008, was not requested to be recorded by me. Therefore, there is no Reporter's Record regarding your request.

If I can be of further assistance, please do not hesitate to contact me.

Sincerely,

Kim Cherry
Official Court Reporter – CDC4
Tarrant County, Texas

cc: Debra Spisak, Second Court of Appeals