## Fourth Court of Appeals
### San Antonio, Texas


## CONCURRING OPINION

Nos. 04-18-00772-CV & 04-18-00773-CV

**EX PARTE J.A.B.**, Jr.

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 18-833-A & 18-834-A
Honorable N. Keith Williams, Judge Presiding

Opinion by: Beth Watkins, Justice
Concurring Opinion by: Rebeca C. Martinez, Justice, joined by Liza A. Rodriguez, Justice

Sitting: Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: October 23, 2019

I agree with the majority that the outcome is controlled by *Ex parte Rios*, No. 04-19-00149-CV, 2019 WL 4280082 (Tex. App.—San Antonio Sept. 11, 2019, no pet. h.) (mem. op.). I write separately to encourage the Legislature to adopt a narrower definition of "criminal episode" that better reflects the remedial nature of the expunction statute. *See State v. Taylor*, 266 S.W.3d 553, 556 (Tex. App.—Tyler 2008, pet. denied) ("The nature of the expunction statute is remedial, and it should be construed liberally.").

Under section 3.03 of the Penal Code, the Legislature has provided a protection to convicted defendants that expands as the definition of "criminal episode" broadens. Under section 3.03, those found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action are punished, but their sentences for each offense run concurrently. *See* TEX. PENAL CODE ANN. § 3.03. Thus, to allow stacked sentences in

circumstances in which section 3.03 might apply, the State argues—like J.A.B. does here—that multiple offenses do not comprise a single criminal episode. *See, e.g.*, *Green v. State*, 242 S.W.3d 215, 219–21 (Tex. App.—Beaumont 2007, no pet.) (rejecting the State's argument that offenses did not arise out of the same criminal episode because they concerned different controlled substances and reforming a trial court judgment to delete a provision that sentences run consecutively). In this way, a broad definition of "criminal episode" favors convicted defendants under section 3.03 of the Penal Code.

Ironically, a broad definition of "criminal episode" harms *acquitted* defendants, such as J.A.B., who seek expunction of arrest records related to their acquitted charges under article 55.01 of the Code of Criminal Procedure. Here, J.A.B. was acquitted of one offense in 2016, but the broad definition of "criminal episode" sweeps in a factually dissimilar conviction of the same offense committed in 2010 to prohibit the expunction of records related to his acquitted charge. While this result is not absurd because expunction is a statutory privilege, statutorily constrained, it is overly harsh and strays from the Legislature's original intent that records of wrongful arrests be subject to expunction. *See Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) ("The legislature intended section 55.01 to permit the expunction of records of wrongful arrests."). Article 55.01(c), which incorporates the Penal Code definition of "criminal offense," was added by the Legislature in 1999. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279, 4280. To reorient the expunction statute back to its original intent, I respectfully request that the Legislature revisit its adoption of the Penal Code definition of "criminal episode" in the expunction statute.

Rebeca C. Martinez, Justice